504 A.2d 420

**Pennsylvania Independent Petroleum Producers, a Non-Profit Corporation, Petitioner v. Commonwealth of Pennsylvania, Department of Environmental Resources and Nicholas De Benedictis, Secretary of Environmental Resources of the Commonwealth of Pennsylvania, Respondents.**

Argued October 9, 1985, before President Judge CRUMLISH, JR., Judges ROGERS, CRAIG, MACPHAIL, DOYLE, COLINS and PALLADINO.

*Thomas L. Cooper*, with him, *Alfred S. Pelaez, Gilardi, Cooper & Gismondi, P.A.*, for petitioner.

*Jerome T. Foerster*, Deputy Attorney General, with him, *Allen C. Warshaw*, Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman*, Attorney General, for respondents.

PER CURIAM, February 7, 1986:

The Commonwealth has filed preliminary objections, in the nature of a demurrer, to a complaint for declaratory and equitable relief brought by the Pennsylvania Independent Petroleum Producers (PIPP).[1] The complaint challenges the constitutionality of the Oil and Gas Act of 1984 (Act).[2]

---

[1] On September 4, 1985, this Court denied the Producers' motion for a preliminary injunction. PIPP is a non-profit organization whose membership consists primarily of small, independent oil producers who operate at a low level of capacity.

[2] Act of December 19, 1984, P.L. 1140, 58 P.S. §§601.101-601.605.

PIPP's petition for review contains thirteen counts, which allege the following:

The Commonwealth contends that the complaint fails to state a claim upon which relief can be granted because the Act is a valid exercise of its police power and its duty to protect the environment. It also contends that the action is not ripe, as the Act has yet to be enforced in regard to PIPP's drilling operations.

Count 1—Section 208 of the Act violates its due process rights because it creates a presumption of liability for pollution with both criminal and civil sanctions;

Count 2—Section 215 of the Act, which establishes bonding requirements for well sites, violates its members' equal protection rights;

Count 3—Section 215(d) of the Act, which establishes a fee schedule for companies that cannot obtain bonds, violates its members' equal protection rights;

Count 4—Sections 210(e) and 215(c), which provide for pre-hearing seizures of property by DER, violates its members' due process rights;

Count 5—Section 508 of the Act, which provides for inspection of papers and drilling sites, violates its members' Fourth Amendment right against warrantless seizures;

Count 6—Section 212 of the Act, which compels operators to produce and file certain production information, invades its members' right to privacy;

Count 7—Section 509 of the Act, which defines unlawful conduct under the Act, is vague and overly broad and is a wrongful delegation of the legislative power to determine what actions shall be criminal;

Count 8—The entire Act is violative of the separation of powers provided for in the Articles of the Constitution of Pennsylvania by combining and commingling administrative, investigatory, prosecutorial and judicial functions in a single department of the Executive Branch.

Count 9—The entire Act constitutes an abuse of the state's police power;

Count 10—A March 11, 1985 letter from DER informing its members of the new law and the validity of old well permits was an unauthorized act of DER;

Count 11—The DER letter constitutes a "regulation" which was not promulgated pursuant to the Commonwealth Documents Law, Act of July 31, 1968, P.L. 764, *as amended*, 45 P.S. §1102 et seq.

We have reviewed the parties' able briefs and, after entertaining oral argument before the Court en banc, overrule the preliminary objections. The complaint presents several justiciable issues concerning the validity of certain provisions of the Act,[8] the impact of which presents sufficient direct and immediate injury for this Court to entertain jurisdiction at this time. *Arsenal Coal Co. v. Department of Environmental Resources,* 505 Pa. 198, 477 A.2d 1333 (1984).

## PER CURIAM ORDER

Now, this 7th day of February, 1986, it is ordered that the Commonwealth's preliminary objections are overruled. The Commonwealth is directed to file an answer to the petition within thirty (30) days of the date of this Order.

---

Count 12—The DER letter constitutes a "taking" of property without due process of law; and

Count 13—The revocation or modification of old well permits is an invalid taking without due process of law or "just" compensation.

[3] Due to the posture of the proceeding and the constitutional challenges, further proceedings are required in this Court before the merits can be adequately addressed. Specifically, the counts concerning (1) alleged violations of due process of law and equal protection, (2) the commingling of legislative, prosecutorial, administrative and judicial functions and (3) the status and/or effect of the March 11, 1985 DER letter appear to have possible merit and require further proceedings. Stipulations by the parties on factual matters are urged for a timely review of this matter.