580 A.2d 448

**AMERICAN COUNCIL OF LIFE INSURANCE, Health Insurance Association of America and the Insurance Federation of Pennsylvania, Inc., Petitioners,**

v.

**The Honorable Constance FOSTER, Insurance Commissioner of the Commonwealth of Pennsylvania, Respondent (Two Cases).**

Commonwealth Court of Pennsylvania.

Argued May 2, 1990.

Decided Sept. 10, 1990.

Marc J. Sonnenfeld, with him, David L. Harbaugh and Margaret L. Sanner (Morgan, Lewis & Bockius, Philadelphia, of counsel), for petitioners.

Arthur Selikoff, Asst. Counsel, with him, Victoria A. Reider, Deputy Chief Counsel, and Linda J. Wells, Chief Counsel, for respondent, in case 1976 C.D.1989.

Sandra W. Stoner, Deputy Atty. Gen., with her, John G. Knorr, III, Chief Deputy Atty. Gen., Chief of Litigation Section, and Ernest D. Preate, Jr., Atty. Gen., for respondent, in case 300 Misc. Dkt.1989.

Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, COLINS, PALLADINO, SMITH and PELLEGRINI, JJ.

PELLEGRINI, Judge.

The American Council of Life Insurance, Health Insurance Association of America and The Insurance Federation of Pennsylvania, Inc., (IFP) (collectively, the Associations) file a Petition For Review of an Order of Constance Foster, Insurance Commissioner of the Commonwealth of Pennsylvania (Commissioner), denying the Associations' Petition For Investigation and Declaratory Order (Investigation Petition) on the use of gender as a factor in the underwriting and pricing of life and health insurance coverages (the Appeal). 1976 C.D.1989.

The Associations contemporaneously also filed a Complaint For Declaratory Judgment and Injunctive Relief seeking a ruling from this Court that the Commissioner has no authority to prohibit by regulation or otherwise the insurance industry's use of gender in the underwriting and pricing of life and health insurance coverages since such are reasonable based on physical characteristics unique to each sex (the Complaint). 300 M.D.1989.

The Appeal and Complaint before us arise from actions taken by the Commissioner to eliminate gender-based classifications from the life and health lines of insurance. In April of 1988, this Court issued its decision in *Bartholomew v. Foster*, 115 Pa. Commonwealth Ct. 430, 541 A.2d 393 (1988), *aff'd per curiam* 522 Pa. 489, 563 A.2d 1390 (1989), *petition for reconsideration denied*, 524 Pa. 241, 570 A.2d 508 (1990), holding that gender-based classifications for automobile insurance coverage violates the Equal Rights Amendment to the Pennsylvania Constitution (ERA).[1] Shortly thereafter, the Commissioner announced that the Insurance Department (Department) had interpreted *Bartholomew* to mean that all gender-based insurance rates violate the ERA.

The Department informed IFP of its determination that the *Bartholomew* decision should apply to all lines of insurance and invited them to participate in a task force to develop appropriate regulations. The Department subsequently met with insurance industry representatives and solicited written comments from IFP, among others. IFP responded with written comments concerning the proposal to develop regulations.

In February, 1989, the Department distributed an "Exposure Draft" of proposed amendments to Chapter 145 of the Pennsylvania Code, which prohibited gender-based rates in all lines of insurance, including life and health (Unisex Regulations). IFP provided extensive comment to the Department concerning the proposed Unisex Regulations contained in the Exposure Draft. On May 3, 1989, the Department provided IFP with a revised draft of the Unisex Regulations and stated that they were being submitted to the Office of General Counsel pursuant to the rulemaking process.

The Associations filed a Petition For Investigation and Declaratory Order (Investigation Petition) pursuant to Section 35.19 of Title 1 of the Pennsylvania Code.[2] The Investi-

1. Pa.Const., Art. I, § 28.
2. *Petitions for Declaratory Orders*

gation Petition requested a formal adjudicatory hearing for purposes of determining the Commissioner's authority to regulate the use of gender in underwriting and pricing life and health insurance. The Associations were essentially seeking a declaratory ruling on whether gender is an appropriate basis for establishing rates for life and health insurance.

The Commissioner dismissed the Investigation Petition, ruling that the matter was not yet ripe for a decision because (1) the proposed regulations were not formally promulgated; (2) no present case or controversy existed in which declaratory relief might be rendered; and (3) the Associations would have an adequate opportunity to voice their concerns with the proposed Unisex Regulations through written comment and appearance at the various hearings during the normal rulemaking process.[3]

The Associations appealed the Commissioners' Order to this Court. Contemporaneously with the Appeal, the Associations filed their Complaint For Declaratory Relief. The Commissioner filed Preliminary Objections to the Associations' Complaint in the nature of a Demurrer. Both the Preliminary Objections and the Appeal are now before us and we will discuss each individually.

> Petitions for the issuance, in the discretion of an agency, *of a declaratory order to terminate a controversy or remove uncertainty*, shall state clearly and concisely the controversy or uncertainty which is the subject of the petition, shall cite the statutory provision or other authority involved, shall include a complete statement of the facts and grounds prompting the petition, together with a full disclosure of the interest of the petitioner.

> 1 Pa.Code § 35.19 (emphasis added).

**3.** Following the dismissal of the Investigation Petition, the Commissioner proceeded with publication of a Notice of Proposed Rulemaking on the Unisex Regulations. *See* 19 Pa. Bulletin 4606 (October 28, 1989). The regulations were also submitted to the Independent Regulatory Review Commission (IRRC) and the Chairpersons of the House Committee on Insurance and the Senate Commission on Banking and Insurance. After a 30 day comment period, a hearing was held before the Department. Thereafter, the Commissioner was notified that the Senate Commission disapproved of the proposed regulations. The IRRC also notified the Commissioner of its various objections to the proposed regulations.

*The Preliminary Objections to the Complaint*

The Complaint filed by the Associations request that this Court issue a Declaratory Judgment finding that the use of gender-based classifications in the life and health insurance lines is lawful since such classifications are "reasonably and genuinely based on physical characteristics unique to one sex." quoting from *Bartholomew,* 115 Pa. Commonwealth Ct. at 438, 541 A.2d at 397; and *Fischer v. Department of Public Welfare,* 509 Pa. 293, 305, 502 A.2d 114, 121 (1985).

The Commissioner, by way of Preliminary Objections, demurs to the Associations' Complaint. The Commissioner contends that this Court lacks jurisdiction to grant such relief because (a) no present case or controversy exists because the proposed regulations have not yet been formally promulgated; (b) the Associations must express their concerns through the rulemaking process and then are entitled to an exclusive administrative review through the Department; and (c) the Appeal pending before this Court involving the same parties, rights asserted and relief sought precludes a declaratory judgment.

■ The issuance of a declaratory judgment under the Pennsylvania Declaratory Judgments Act (Act), 42 Pa.C.S. §§ 7531–7541, is a matter of judicial discretion which should only be exercised to illuminate an existing right, status or legal relation. *Pennsylvania Independent Petroleum Producers v. Pennsylvania Department of Environmental Resources,* 106 Pa. Commonwealth Ct. 72, 525 A.2d 829 (1987), *aff'd* 520 Pa. 59, 550 A.2d 195 (1988). 42 Pa.C.S. § 7532. The purpose of the Act "is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relation." 42 Pa.C.S. § 7541(a).

Although the Act specifically provides that its terms are to be liberally construed and administered, 42 Pa.C.S. § 7541(a), there are certain limitations upon the Court's ability to render declaratory judgments.

 One limitation on the Court's ability to issue a declaratory judgment is that the issues involved must be ripe for judicial determination. Ripeness has been defined as the presence of an actual controversy. *Allegheny County Constables Association v. O'Malley*, 108 Pa. Commonwealth Ct. 1, 528 A.2d 716 (1987); *Pennsylvania Independent Petroleum Producers; South Whitehall Township v. Pennsylvania Department of Transportation*, 82 Pa. Commonwealth Ct. 217, 475 A.2d 166 (1984). It requires the Court to evaluate the fitness of the issues for judicial determination, as well as the hardship to the parties of withholding court consideration. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).

 A declaratory judgment is an appropriate remedy where a case presents antagonistic claims, indicating imminent and inevitable litigation. *Liberty Mutual Insurance Company v. S.G.S. Company*, 456 Pa. 94, 318 A.2d 906 (1974); *Allegheny County Constables; Chester Upland School District v. Commonwealth of Pennsylvania*, 90 Pa. Commonwealth Ct. 464, 467, 495 A.2d 981, 983 (1985). However, it is an inappropriate remedy to determine rights in anticipation of events which may never occur. *Yarmoski v. Lloyd*, 110 Pa. Commonwealth Ct. 97, 531 A.2d 1169 (1987). *Chester; Berger, et al. v. Pennsylvania Department of Environmental Resources*, 42 Pa. Commonwealth Ct. 206, 400 A.2d 905 (1979); *Singer v. Sheppard*, 33 Pa. Commonwealth Ct. 276, 381 A.2d 1007 (1978).

 In cases involving challenges to administrative regulations, an actual controversy ripe for judicial determination, has existed only where the regulation was in effect or had been formally promulgated, *Arsenal Coal Co. v. Pennsylvania Department of Environmental Resources*, 505 Pa. 198, 477 A.2d 1333 (1984); *Spooner v. Secretary of Commonwealth of Pennsylvania*, 114 Pa. Commonwealth Ct. 352, 539 A.2d 1 (1988); *Paratransit Association of Delaware Valley, Inc. v. Yerusalim*, 114 Pa. Commonwealth Ct. 279, 538 A.2d 651 (1988); *Pennsylvania Independent Petroleum Producers v. Pennsylvania Depart-*

*ment of Environmental Resources,* 95 Pa. Commonwealth Ct. 51, 504 A.2d 420 (1986).

■ Here, the proposed Unisex Regulations are in the rulemaking phase as required under the Commonwealth Documents Law (CDL)[4] and the Regulatory Review Act (RRA).[5] The CDL and RRA provide the procedure the Department must follow in order to promulgate new regulations or amendments to existing regulations.

Since the proposed Unisex Regulations have not been formally promulgated, an actual controversy does not exist. The complex issues involved in this matter are to be resolved during the rulemaking process, judicial intervention at this point would be premature. The Associations can provide input through written comment and appearance at hearings held during various stages of the rulemaking process.

Furthermore, the Associations have not shown that they would suffer a hardship if a declaratory judgment is not issued. Since the proposed Unisex Regulations have not been formally adopted, the Associations' members are not obligated to re-write policies or adjust rates. There also has been no showing of an imminent or inevitable litigation that would compel a declaratory judgment.

The United States Supreme Court in *Abbott Laboratories* summarized the rationale behind the ripeness doctrine:

[I]ts basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.

4. Act of July 31, 1968, P.L. 769, *as amended,* 45 P.S. §§ 1102 and 1201–1602.

5. Act of June 25, 1982, P.L. 633, *as amended,* 71 P.S. §§ 745.1–745.15.

*Abbott Laboratories,* 387 U.S. at 148–149, 87 S.Ct. at 1515. We believe that this would be the case if we issued a declaratory judgment here.[6]

Since we find that the Associations have failed to meet the criteria necessary for the issuance of a declaratory judgment, we will sustain the Preliminary Objections of the Commissioner and dismiss the Associations' Complaint.

## The Appeal

In their appeal from the Commissioner's Order, the Associations raise the same issues concerning the Commissioner's failure to grant them declaratory relief as they do in their Complaint seeking a declaratory judgment. Therefore, for the reasons set forth above in support of our denial of the request for a declaratory judgment, we will affirm the Order of the Commissioner.

Accordingly, the Preliminary Objections of the Commissioner are sustained, the Associations' Complaint For Declaratory Relief is dismissed, and the Order of the Commissioner is affirmed.

## ORDER

AND NOW, this 10th day of September, 1990, the Order of the Insurance Commission dated September 15, 1989, is affirmed.

## ORDER

AND NOW, this 10th day of September, 1990, the Preliminary Objections of the Insurance Commission are sustained

---

6. Since we have decided that a declaratory judgment is inappropriate because the Associations have failed to show an immediate injury or an actual controversy, we need not reach the issue of whether Section 7541(c)(3) of the Declaratory Judgments Act, 42 Pa.C.S. § 7541(c)(3), requires the dismissal of this action due to the pendency of the Associations' Appeal of the Commissioner's Order. *See North Canton Enterprises of Pennsylvania Inc. v. Township of Ross,* 74 Pa. Commonwealth Ct. 479, 459 A.2d 1366 (1983), *cert. denied,* 465 U.S. 1026, 104 S.Ct. 1283, 79 L.Ed.2d 687 (1984).

and the Petitioner's Complaint For Declaratory Relief is dismissed.