**George RUSZIN and Charles Herbst and William Page, Petitioners,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF LABOR & INDUSTRY, BUREAU OF WORKERS' COMPENSATION and Bethlehem Steel Corporation and USX Corporation, Respondents.**

Commonwealth Court of Pennsylvania.

Argued March 13, 1996.
Decided April 22, 1996.

Larry Haft, for Petitioners.

Daniel J. Doyle, Barbara L. Hollenbach and William J. McKim, for Respondents.

1. Act of June 2, 1915, P.L. 736, *as amended.*

2. "[F]or purposes of determining whether a claim for hearing loss … is time-barred under Section 315, the three-year limitations period begins to run from the date of injury regardless of the Claimant's actual or constructive knowledge of the injury. *Boeing Helicopter Co. v. Workmen's Compensation Appeal Board (McCanney),* 157 Pa.Cmwlth. 76, 629 A.2d 184 (1993).

Before COLINS, President Judge, and DOYLE, McGINLEY, PELLEGRINI, FRIEDMAN, KELLEY and FLAHERTY, JJ.

PELLEGRINI, Judge.

Before us are cross motions for summary judgment in this declaratory judgment action brought in our original jurisdiction. At issue are whether Petitioners must pursue their administrative remedies before they can maintain this action and, if they need not, are there questions of material fact precluding the grant of summary judgment.

As part of a number of amendments made to the Workers' Compensation Act [1] by the Act of February 22, 1995, P.L. (Spec.Sess.) ___, (Act 1), Section 306(c)(8), 77 P.S. § 513, was amended to reduce the time for filing of workmen's compensation claims for total hearing loss from three years from when the claimant was first diagnosed with a hearing loss to three years from the claimant's last exposure.[2] Section 306(c)(8) now reads in relevant part:

> (viii) Whenever an occupational hearing loss caused by long-term exposure to hazardous occupational noise is the basis for compensation or additional compensation, the claim shall be barred unless a petition is filed within three years after the date of last exposure to hazardous occupational noise in the employ of the employer against whom benefits are sought.

> (ix) The date of injury for occupational hearing loss under subclause (i) of this clause shall be the earlier of the date on which the claim is filed or the last date of long-term exposure to hazardous occupational noise while in the employ of the employer against whom the claim is filed.

This court has held that the deciding factor in determining the date of injury for purposes of Section 315 is when the claimant is advised by a doctor that he has suffered a complete loss of hearing for all practical intents and purposes and that loss is work-related. *Id."* *Westinghouse Electric Corp. v. Workmen's Compensation Appeal Board (Peterson),* 164 Pa.Cmwlth. 32, 641 A.2d 1277, 1281 (1994), *petition for allowance of appeal denied* 540 Pa. 625, 657 A.2d 495 (1995).

This provision, as did all the amendments, became effective upon Act 1's adoption on February 23, 1995. While it reduced the time for filing for a hearing loss, Act 1, for the first time, authorized the filing for partial hearing loss only when the claim was filed within three years of the last exposure to hazardous noise.

Petitioners George Ruszin (Ruszin), Charles Herbst (Herbst) and William Page (Page), are all former steelworkers claiming hearing losses due to long-term exposure to hazardous occupational noise. None of the Petitioners has been exposed to any work-related noise within three years of the adoption of Act 1. Ruszin and Herbst allege that they were employed by Bethlehem Steel Corporation for approximately 40 years, with Ruszin retiring in 1992 and Herbst in 1990. Both allege that during their careers with Bethlehem, they were exposed to excessive noise and, as a result, have a complete hearing loss, each diagnosed as of May 5, 1993. Page alleges that in the 33 years he worked for USX Corporation prior to his retirement, he was also exposed to excessive noise. However, Page does not allege a complete but partial hearing loss diagnosed as of May 13, 1992.

Claiming that Act 1 deprives them of a vested right to file a claim within three years of when they were aware that they suffered a work-related hearing loss, Petitioners filed a declaratory judgment action in this court's original jurisdiction against their respective employers, Bethlehem and USX (Employers), as well the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Workers' Compensation (Department), seeking to have portions of Act 1 declared unconstitutional. They contend that by making the new limitation period

reducing the time for filing effective immediately, Act 1 violated their rights under the due process and contract clauses of the United States and Pennsylvania Constitutions by extinguishing their right to file a claim for hearing loss they had or may have had pre-Act 1.

In their answer and new matter, each Employer answered the specific allegation as it relates to their respective employees, but also raise some common defenses. Bethlehem denied that Ruszin and Herbst had been exposed to excessive noise during their employment; denied that Ruszin and Herbst were first diagnosed with total hearing loss on May 5, 1993; and asserted that Ruszin has been wearing a hearing aid since 1984 and Herbst has been wearing one since at least the late 1980's. USX denied that Page had been exposed to excessive noise; denied that Page had been diagnosed with partial hearing loss on May 13, 1992; and asserted that even if he had partial hearing loss, such loss was not compensable under the Workmen's Compensation Act prior to the adoption of Act 1. Employers and the Department also assert that the Act was constitutional but, in any event, Petitioners lacked standing, failed to exhaust their administrative remedies or demonstrate that they were inadequate, failed to plead a case or controversy, and failed to plead a matter that was ripe for judicial review.

■ After pleadings were closed, Petitioners filed the motion for summary judgment that is now before us.[3] Other than the allegations contained in the declaratory judgment complaint, the motion for summary judgment is not supported by any depositions, affidavits, answers to interrogatories or

---

3. "A motion for summary judgment may properly be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. No. 1035(b). In passing upon a motion for summary judgment, the court must examine the record in the light most favorable to the nonmoving party. It is not part of the court's function to decide issues of fact, but solely to determine whether there is an issue of fact to be tried. Any doubt must be resolved against the moving party.... The court, in ruling on a motion for summary judgment, must ignore controverted facts contained in the pleadings. The court must restrict its review to the material authorized by Rule 1035 to be filed in support of and in opposition to the motion for summary judgment and *only* those allegations in the pleadings that are uncontroverted." *Washington Federal Savings and Loan Association v. Stein*, 357 Pa.Super. 286, 288–290, 515 A.2d 980, 981 (1986). (Citations omitted).

admissions. In their answer to the motion for summary judgment, Employers and the Department oppose Petitioners' motion for summary judgment maintaining that there are material issues of fact to be resolved which preclude its grant; specifically, the existence, nature and extent of Petitioners' noise exposure, as well as the date of awareness of their hearing losses.

USX has also filed a cross motion for summary judgment. In addition to raising the same issues contained in its answer and new matter and arguing that the matter is subject to the exclusive jurisdiction of the Workers' Compensation Bureau, it contends that Page cannot be aggrieved because he did not plead that he had a compensable injury cognizable under the Workers' Compensation Act prior to the adoption of Act 1. Because he did not have a right to partial disability until his hearing loss became total, he could not possibly be deprived of a vested right by the adoption of Act 1. Both Bethlehem and the Department join in this motion.

## I.

 Employers and the Department contend that Petitioners' request for a declaratory judgment cannot be maintained because Petitioners have failed to exhaust their administrative remedies before the Workmen's Compensation Appeal Board and the Referee.[4] Without citing to the statutory language, what they are, in effect, contending is that a declaratory judgment action cannot be maintained "with respect to any ... [p]roceeding within the exclusive jurisdiction of a tribunal other than a court." 42 Pa.C.S. § 7541(c)(2). Whether a declaratory judgment action is within the exclusive control of another tribunal is determined then by the type of relief sought, not the subject matter involved. *See Parker v. Department of Labor and Industry,* 115 Pa.Cmwlth. 93, 540 A.2d 313 (1988).

If this were merely a matter of Petitioners seeking benefits, we would agree with Employers and the Board that this is a matter over which a workers' compensation tribunal has exclusive jurisdiction, thereby making declaratory judgment unavailable. However, what is being sought by Petitioners is to have the reduced time period to pursue hearing loss claims provided for in Act 1 declared unconstitutional. As we stated in *Blackwell v. State Ethics Commission,* 125 Pa.Cmwlth. 42, 556 A.2d 988, 991 (1989):

> When a statute provides for an exclusive remedy which calls for specialized fact-finding and/or application of an agency's administrative expertise, declaratory relief is not properly granted. When, however, challenges—particularly constitutional challenges—are set forth questioning the *validity of a statute itself* or questioning the *scope* of a governmental body's action pursuant to statutory authority, then the Declaratory Judgments Act is properly invoked, because "the existence of an alternative remedy shall not be a ground for refusal to proceed...." 42 Pa.C.S. Sec. 7537; *Allegheny Ludlum,* [*v. Pennsylvania Public Utility Commission,* 67 Pa. Cmwlth. 400, 447 A.2d 675 (1982)]. Of course, even constitutional challenges to the validity of an agency's action must be pursued through the usual appellate process. *Myers* [*v. Commonwealth, Dept. of Revenue,* 55 Pa.Cmwlth. 509, 423 A.2d 1101 (1980)]. (Footnotes omitted).

 A workers' compensation tribunal cannot have exclusive jurisdiction over a challenge to the validity of Act 1 because an administrative agency has no jurisdiction to determine the constitutional validity of its own enabling legislation. *Myers v. Department of Revenue,* 55 Pa.Cmwlth. 509, 423 A.2d 1101 (1980); *Allegheny Ludlum Steel Corp. v. Pennsylvania Public Utility Commission,* 67 Pa.Cmwlth. 400, 447 A.2d 675 (1982); *Cherry v. City of Philadelphia,* 160 Pa.Cmwlth. 179, 634 A.2d 754 (1993). Be-

---

**4.** A workmen's compensation referee [now judge] is a "tribunal" within the meaning of the exception to the Declaratory Judgment Act providing that relief shall not be available with respect to proceedings involving an appeal from an order of a tribunal. *See Harleysville v. CLT*

*Fund,* 101 Pa.Cmwlth. 215, 515 A.2d 1039 (1986); *Hudson v. Union County,* 50 Pa.Cmwlth. 378, 413 A.2d 1148, *petition for allowance of appeal denied,* 505 Pa. 604, 482 A.2d 1273 (1980).

cause the Board is without authority to consider whether Act 1 is unconstitutional, the subject matter of the complaint is not within the jurisdiction, let alone the exclusive jurisdiction, of the workers' compensation tribunals and, consequently, Employers' cross motions for summary judgment seeking to dismiss Petitioners' declaratory judgment action on that basis is denied.

## II.

Because Page's claim is different than the others and can be decided without the need to consider whether there are disputed facts, we will address whether to grant either motion for summary judgment as to Page first. Page admits that he has been diagnosed with only partial hearing loss, but argues that if he were later to develop total hearing loss, he would have been entitled to compensation under the pre-Act 1 law but, because of Act 1's limitation provisions, his claim would now be time barred. He also maintains that he is aggrieved by the adoption of Act 1's statute of limitations period because, while Act 1 grants benefits for partial hearing loss, the limitations provision bars his claim because he retired more than three years before the adoption of Act 1.

The granting of a petition for a declaratory judgment is a matter lying within the discretion of the court of original jurisdiction. *Gulnac v. South Butler School District*, 526 Pa. 483, 587 A.2d 699 (1991). Although the Declaratory Judgments Act is to be liberally construed, 42 Pa.C.S. § 7541(a), one limitation on a court's ability to issue a declaratory judgment is that the issues involved must be ripe for judicial determination, meaning that there must be the presence of an actual case or controversy. *American Council of Life Insurance v. Foster*, 134 Pa.Cmwlth. 634, 580 A.2d 448 (1990). There can only be a case and controversy where there are antagonistic claims indicating imminent and inevitable litigation, and declaratory judgment is an inappropriate remedy to determine rights in anticipation of

events which may never occur. *Foster*, 580 A.2d at 451.

Neither Page nor USX disputes that partial hearing loss was not compensable under pre-Act 1 law. If it is not compensable, it follows that Page had no vested right for his partial hearing loss prior to Act 1, and absent a vested right, there can be no due process claim. As to Page's argument that his partial hearing loss may someday resolve into a total one now barred by Act 1's limitation provisions, until he suffers a total hearing loss, there is no antagonistic claim indicating imminent or inevitable litigation. To issue declaratory judgment would be to determine rights in anticipation of events that may never occur, which we cannot do. *Foster*. Accordingly, we grant USX's motion for summary judgment as to Page.

## III.

Because there are these disputed questions of material fact that need to be resolved, Bethlehem and the Department contend that summary judgment cannot be granted. Ruszin and Herbst assert in their declaratory judgment action that they were first advised that they had total hearing loss on May 5, 1993. Bethlehem denied that allegation, asserting that their claims were barred even under the pre-Act 1 limitations provisions because they respectively knew that they had a work-related total hearing loss when Ruszin began wearing a hearing aid in 1984 and Herbst in the late 1980's. Additionally, Bethlehem and the Department contend that there is no case or controversy until it is decided that Ruszin and Herbst have suffered a work-related total hearing loss. Bethlehem specifically denies that they were exposed to excessive noise during their employment. While not disagreeing that whether they have a pre-Act 1 claim and a work-related total hearing loss are in dispute, Ruszin and Herbst contend that what they are seeking is tantamount to a facial challenge to Act 1 and, in effect, their assertions are enough to support their motion for summary judgment.[5]

5. Ironically, if this matter came up to us on an appeal from dismissal of their action before the worker's compensation authorities as being out

of time, we would consider the unconstitutionality based on their assertions that they have a pre-

As to whether Ruszin and Herbst must establish that they have a total hearing loss, while this matter is material to whether Ruszin and Herbst can obtain compensation, it is not material as to whether they have been aggrieved by Act 1 in order to maintain their declaratory judgment action. To be aggrieved for the purpose of obtaining declaratory judgment, Ruszin and Herbst need only show that the adoption of Act 1 has prevented them from having their claim for compensation heard on the merits and they need not prove in this action that they have total hearing loss.

However, contrary to their suggestion that to merely allege that they are aggrieved is sufficient to grant their motion for summary judgment, whether their action is time barred pre-Act 1 is a material fact that needs to be established to obtain a declaratory judgment. Absent such a showing, Ruszin and Herbst would not have established a direct, substantial and present injury[6] demonstrating the existence of an actual controversy necessary to obtaining a declaratory judgment. *Pennsylvania Institutional Health Services, Inc. v. Department of Corrections*, 158 Pa.Cmwlth. 221, 631 A.2d 767, 771 (1993), *aff'd without opinion*, 536 Pa. 544, 640 A.2d 413 (1994); *South Whitehall Township v. Department of Transportation*, 82 Pa.Cmwlth. 217, 475 A.2d 166 (1984). While they could have taken depositions or filed affidavits in support of their motion for summary judgment, Ruszin and Herbst chose not to do so and failed to establish at the summary judgment stage that they are aggrieved. Because the question of whether they are aggrieved is a material fact, Ruszin and Herbst's motion for summary judgment is denied.

#### ORDER

AND NOW, this 22nd day of April, 1996, USX's Motion for Summary Judgment filed

at 351 M.D.1995 on December 21, 1995, is granted as to Petitioner Page only, and in all other respects, all Motions for Summary Judgment are denied.

---

Act 1 claim, but the dismissal would establish that they were aggrieved.

6. " 'A substantial interest in the outcome of a dispute is an interest which surpasses the common interest of all citizens in seeking obedience to the law.' *Empire Coal Mining & Development, Inc. v. Department of Environmental Resources*, 154 Pa.Cmwlth. 296, 623 A.2d 897, 899, *petition*

*for allowance of appeal denied*, 535 Pa. 625, 629 A.2d 1384 (1993). 'A party has a direct interest in a dispute if he or she was harmed by the challenged action or order.' *Id.* The 'interest is immediate if there is causal connection between the action or order complained of and the injury suffered by the party asserting standing.' *Id.*" *Bowen v. Mount Joy Township*, 165 Pa.Cmwlth. 101, 644 A.2d 818, 821 (1994).