ASSOCIATION OF PENNSYLVANIA
STATE COLLEGE AND UNIVER-
SITY FACULTIES, Petitioner,

v.

BOARD OF GOVERNORS OF The
STATE SYSTEM OF HIGHER
EDUCATION, Respondent.

Commonwealth Court of Pennsylvania.

Argued Nov. 4, 1999.
Decided Jan. 13, 2000.

Elliot A. Strokoff, Harrisburg, for peti-tioner.

Joseph F. Quinn, Pittsburgh, for respon-dent.

Before FRIEDMAN, J.,
LEADBETTER, J., and RODGERS,
Senior Judge.

RODGERS, Senior Judge.

Before the Court are the preliminary objections filed by the Board of Governors of the State System of Higher Education (State System) to a petition for review in the nature of a complaint for declaratory judgment filed in our original jurisdiction by the Association of Pennsylvania State Colleges and University Faculties (Associ-ation).

The Association is a certified bargaining agent under the Pennsylvania Public Em-

ployes' Relations Act (PERA)[1] for faculty members employed by the State System. Prior to the enactment of PERA, the legislature adopted the Act of January 18, 1952, P.L. (1951) 2111, *as amended* 24 P.S. §§ 1864.1 – 1864.6 (Act 182). Act 182 created a system of salary ranges applicable to college and university faculty members that contains seven salary steps, five percent apart. Section 2 of Act 182 includes the following provision:

> The minimum salary ranges prescribed in this act may be adjusted upward by the Executive Board of the Commonwealth through the adoption of a higher minimum salary step for each of these salary ranges, or through the adoption of additional salary steps beyond the maximum salary step of each of these salary ranges, or both.

24 P.S. § 1864.2.

During negotiations that followed the June 30, 1999 expiration of the parties' collective bargaining agreement, the State System put forth a proposal to insert additional salary steps between existing steps, thereby reducing the percentage increases. On September 13, 1999, the Association filed a petition seeking declaratory judgment that the position advanced by the State System is contrary to Act 182. On the same date, the Association also filed an application for equitable relief seeking to enjoin the State System from maintaining this allegedly unlawful position during negotiations. The State System filed preliminary objections asserting, among other things, that jurisdiction over this matter lies exclusively with the Pennsylvania Labor Relations Board (PLRB). This Court denied the Association's request for a preliminary injunction, concluding that the question of jurisdiction raised by the State System precluded the Association from showing a clear right to relief.

The State System argues that the Association's petition requests this Court to determine that the State System is insisting on a provision that is contrary to state law. The State System contends that the petition alleges violations of Section 703 of PERA, 43 P.S. § 1101.703, which prohibits parties to a collective bargaining agreement from implementing a provision that is in violation of or inconsistent with any statute, as well as Section 1201 of PERA, 43 P.S. § 1101.1201, which requires parties to negotiate in good faith. Relying on *Hollinger v. Department of Public Welfare*, 469 Pa. 358, 365 A.2d 1245 (1976), and *Bailey v. Ferndale Area School District*, 70 Pa.Cmwlth. 628, 454 A.2d 207 (1982), the State System asserts that the complained of conduct arguably constitutes an unfair labor practice under PERA and, as such, the issue is subject to the original jurisdiction of the PLRB. Because Section 7541(c)(2) of the Declaratory Judgments Act[2] specifically denies relief with respect to any proceeding within the exclusive jurisdiction of a tribunal other than a court, the State System argues that the Association's petition must be dismissed for lack of jurisdiction. We agree.

To determine whether original jurisdiction lies with the PLRB, the court must first ascertain whether the remedy sought is redress of an unfair labor practice. *Hollinger.* If it is, then the PLRB is vested with exclusive jurisdiction by Section 1301 of PERA, 43 P.S. § 1101.1301. That section provides:

> The [PLRB] is empowered ... to prevent any person from engaging in any unfair practice listed in Article XII of this act. This power shall be exclusive and shall not be affected by any other means of adjustment or prevention that have been or may be established by agreement, law, or otherwise.

Although this language addresses preventing, rather than determining the occurrence of, an unfair labor practice, the Supreme Court has concluded that the latter

---

1. Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §§ 1101.101–1101.2301.

2. 42 Pa.C.S. § 7541(c)(2).

function is implicitly embraced in the former. *Id.* Thus, if a party seeks redress of conduct that arguably constitutes an unfair labor practice, jurisdiction to determine whether an unfair labor practice has occurred and, if so, to prevent a party from continuing that practice lies exclusively with the PLRB. *Id.*

 The Association argues that, under *Hollinger* and *Ruszin v. Department of Labor and Industry*, 675 A.2d 366 (Pa. Cmwlth.1996), the type of relief sought, rather than the subject matter involved, is controlling. The Association maintains that it is not seeking a determination or redress of an unfair labor practice, but a declaration as to the allowable way to increase faculty salaries under Act 182. However, it is not necessary that a matter be pleaded as an unfair labor practice or a violation of PERA in order to establish original jurisdiction in the PLRB. *Bailey.* In *Bailey*, professional employees of a school district filed a complaint under the Wage Payment and Collection Law, Act of July 14, 1961, P.L. 637, *as amended* 43 P.S. 260.1 – 260.45, alleging that the school district unlawfully withheld compensation from striking employees. The *Bailey* court concluded that, because the complaint essentially sought redress of what is arguably an unfair labor practice, jurisdiction was properly with the PLRB.

In its petition for declaratory judgment, the Association alleges that the State System's proposal to insert additional salary steps is contrary to Act 182 and that the State System repeatedly refused to enter into a successor agreement that did not include this allegedly unlawful provision. Although the petition does not include the words "unfair labor practice" or "violation of PERA", in our judgment, such allegations are implicitly included. And, although its petition for injunctive relief was separately filed, it is clear that the Association seeks "redress" of conduct

that, as described in both petitions, arguably constitutes an unfair labor practice. Therefore, we conclude that jurisdiction over this matter lies exclusively with the PLRB.[3]

Accordingly, we sustain the preliminary objections of the State System and the Association's petition for declaratory judgment is dismissed.

### ORDER

NOW, January 13, 2000, the preliminary objections of the State System are sustained and the Association's petition for declaratory judgment is dismissed.

Judge LEADBETTER dissents.

---

**3.** Having so concluded, we need not address the State System's argument that the petition should be dismissed as legally insufficient.