UNITED STATES ORGANIZATIONS
FOR BANKRUPTCY ALTERNA-
TIVES, INC., Petitioner

v.

DEPARTMENT OF BANKING and Ste-
ven Kaplan, in his capacity as the
Secretary of the Department of Bank-
ing, Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 25, 2009.

Decided Feb. 25, 2010.

Timothy J. Nieman, Robert J. Tribeck, and William C. Boak, Harrisburg, for petitioner.

Kenneth L. Joel, Sr. Deputy Attorney General and Susan J. Forney, Chief Deputy Attorney General, Harrisburg, for respondent.

Daniel Franklin Clark, Harrisburg, for amicus curiae, CareOne Services, Inc.

BEFORE: COHN JUBELIRER, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

Before this Court is the Application for Summary Relief (Application) of the United States Organizations for Bankruptcy Alternatives, Inc. (USOBA). In its Application, USOBA asks this Court to "enter judgment in its favor, and declare all sections of Act 117 [1] pertaining to [debt set-

---

1. The Debt Management Services Act, Act of October 9, 2008, P.L. 1421, 63 P.S. §§ 2401– 2449.

tlement services [2]] Providers [ (DSS Providers) ] unconstitutional." (Application at 4.) For the following reasons, we grant, in part, and deny, in part, USOBA's Application.

■ This case was initiated by USOBA's Amended Petition for Review (Petition), in which USOBA challenged the constitutionality of the Debt Management Services Act (Act 117), which grants the Department of Banking (Department) broad powers to regulate both DSS Providers and providers of debt management services [3] (DMS Providers), on a number of grounds.[4] In a prior decision in this matter, *United States Organizations for Bankruptcy Alternatives, Inc. v. Department of Banking,* No. 69 M.D. 2009 (Pa. Cmwlth. July 24, 2009) (*USOBA I* ), this Court denied the Application for Summary Relief filed by the Department and Secretary of the Department, Steven Kaplan (Secretary) (together with Department, Respondents). In their Application for Summary Relief, Respondents had asked this Court to dismiss USOBA's Petition for failure to state a claim. This Court declined, citing *Association of Settlement Companies v. Department of Banking,* 977 A.2d 1257, 1268 (Pa.Cmwlth.2009) (en banc), which held that Act 117's delegation of power to the Department to regulate DSS Providers was, on its face, a standardless delegation.[5] USOBA now asks this Court for summary judgment declaring all provisions of Act 117 relating to DSS Providers unconstitutional.[6]

USOBA argues that because this Court, in *Association of Settlement Companies,* held that Act 117 grants a standardless

2. Act 117 defines debt settlement services as: An action or negotiation made on behalf of a consumer with that consumer's creditors for the purpose of the creditor forgiving part or all of the principal of the debt incurred or credit extended to that consumer. The term shall not include any action taken to convince a creditor to waive any fees or charges.
63 P.S. § 2402.

3. Act 117 defines debt management services as "[t]he service of receiving funds periodically from a consumer and then distributing those funds to creditors of the consumer in partial or full payment of the consumer's personal debts." 63 P.S. § 2402.

4. The provisions of Act 117 are described more fully in an associated case, *Association of Settlement Companies v. Department of Banking,* 977 A.2d 1257, 1262–63 (Pa. Cmwlth.2009) (en banc).

5. Article II, section 1 of the Pennsylvania Constitution states that "[t]he legislative power of this Commonwealth shall be vested in a General Assembly." Pa. Const. art II, § 1. As this Court stated in *Association of Settlement Companies,* this provision:
embodies the fundamental concept that only the General Assembly may make laws, and "cannot constitutionally delegate the power to make law to any other branch of government or to any other body or authority." *Blackwell v. State Ethics Commission,* 523 Pa. 347, 359–60, 567 A.2d 630, 636 (1989). While the General Assembly may "delegate authority and discretion in connection with the execution and administration of a law," to do so, it must "establish primary standards and impose upon others the duty to carry out the declared legislative policy in accordance with the general provisions of the enabling legislation." *Id.*
*Association of Settlement Companies,* 977 A.2d at 1265. Without such standards, a delegation of authority to an agency is unconstitutional.

6. "Pursuant to Pa. R.A.P. 1532(b), summary relief may be granted when a party's right to judgment is clear and no material issues of fact are in dispute." *Cash America Net of Nevada, LLC v. Department of Banking,* 978 A.2d 1028, 1038 (Pa.Cmwlth.2009) (en banc). We are cognizant that a duly enacted statute "enjoys a strong presumption of constitutionality and it will not be declared invalid unless it clearly, palpably, and plainly violates the Constitution." *Marcavage v. Rendell,* 936 A.2d 188, 192 (Pa.Cmwlth.2007), *aff'd* 597 Pa. 371, 951 A.2d 345 (2008).

delegation of authority to the Department with respect to DSS Providers, this Court should, therefore, declare Act 117 unconstitutional with respect to DSS Providers. The Respondents, in turn, argue that this matter is not yet ripe for adjudication because the Department has not yet promulgated regulations pursuant to Act 117. Respondents also argue that judgment in this case is premature because there are remaining questions of fact at issue. Finally, Respondents argue that Act 117 is not a standardless delegation of authority with respect to the regulation of DSS Providers.

■ We first address Respondents' argument that the question of whether Act 117 is a standardless delegation of authority is not ripe for adjudication because the Department has not yet promulgated regulations. In making this argument, Respondents rely primarily upon *American Council of Life Insurance v. Foster*, 134 Pa.Cmwlth. 634, 580 A.2d 448 (1990), in which this Court stated "[i]n cases involving challenges to *administrative regulations*, an actual controversy ripe for judicial determination, has existed only where the regulation was in effect or had been formally promulgated." *Id.* at 451 (emphasis added). We believe *Foster* is distinguishable from the current case. In *Foster*, the American Council of Life Insurance asked this Court to enjoin the Insurance Commissioner from promulgating certain regulations on the ground that she lacked the authority to promulgate these regulations. *Id.* at 449. In this case, however, USOBA is not challenging regulations the Department might promulgate in the future, but is making a facial constitutional challenge to Act 117 itself.

The present case is similar to *Bell Telephone Company of Pennsylvania v. Driscoll*, 343 Pa. 109, 21 A.2d 912 (1941). In *Driscoll*, the Pennsylvania Supreme Court held that the challenging telephone company did not have to violate a statute requiring that utilities not enter into certain types of contracts without the approval of the Public Utility Commission before it could challenge the validity of that statute. *Id.* at 111–12, 21 A.2d at 913–14. In that case the Supreme Court held that it would be "grossly unfair to require the corporation and its officers to risk [imprisonment and fines] in order to test the constitutionality" of the challenged statute. *Id.* at 112, 21 A.2d at 914. Here, Section 3(b) of Act 117, 63 P.S. § 2403(b), prohibits DSS Providers from providing or advertising debt settlement services unless it is licensed by the Department and acting in compliance with the Department's regulations. Section 16 of Act 117, 63 P.S. § 2416, provides that each violation of Act 117 is punishable by a $10,000 civil fine and may constitute a violation of the Unfair Trade Practices and Consumer Protection Law.[7] Similarly to *Driscoll*, USOBA's members should not have to subject themselves to these penalties before they may challenge the facial constitutionality of Act 117.[8] As such, this matter is ripe for adjudication.

■ We next address Respondents' argument that USOBA is not entitled to

---

7. Act of December 17, 1968, P.L. 1224, *as amended*, 73 P.S. §§ 201–1–201–9.3.

8. Respondents argue that Act 117 permits DSS Providers to continue fulfilling contracts already entered into prior to the effective date of Act 117 and that the Secretary has stated that DSS Providers may continue to service such contracts. (Respondents' Br. at 11–12.)

However, this Court rejected Respondents' interpretation of Act 117 in *Association of Settlement Companies* and held that Act 117 could be read to prevent DSS Providers who are already providing services in the Commonwealth from doing business in the Commonwealth. *Association of Settlement Companies*, 977 A.2d at 1278.

judgment as a matter of law because factual issues remain in dispute. The issues raised in the Application are based on the constitutionality of Act 117 *on its face*. Statutory interpretation is a question of law, *Mohamed v. Department of Transportation, Bureau of Motor Vehicles*, 973 A.2d 453, 454 n. 2 (Pa.Cmwlth.) (en banc), *appeal granted*, 603 Pa. 136, 982 A.2d 1218 (2009), and, thus, we do not believe any further factual developments are necessary to dispose of USOBA's Application.[9] Moreover, we note that, in making this argument, Respondents do not direct our attention to any relevant fact in dispute.

■ Finally, we turn to the issue of whether we must declare all of Act 117's provisions regarding DSS Providers unconstitutional as a standardless delegation of authority to the Department. We note that USOBA's characterization of this Court's holding in *Association of Settlement Companies*, stating that Act 117 grants a standardless delegation of authority to the Department with respect to DSS Providers, is not entirely accurate. In that case, we held that Act 117's grant of authority to the Department to *regulate and set fees for* DSS Providers lacked constitutionally necessary guidance and restraint and, thus, was a standardless delegation of authority. *Id.*, 977 A.2d at 1266–1270. However, this Court held that Act 117 did set forth sufficient standards to

support Act 117's grant of authority to the Department to require licensure of DSS Providers. *Id.* at 1265. Because USOBA asks this Court to declare all of Act 117 unconstitutional as to DSS Providers, and because this Court has held that only *some* provisions of Act 117 are unconstitutional standardless delegations of authority with regard to DSS Providers, we must now address which provisions of Act 117 are facially unconstitutional.[10]

Section 3(b) of Act 117 states that:

No person may advertise, solicit, state or represent that it can offer, obtain or procure debt settlement services to or for a consumer or provide debt settlement services to a consumer for a fee unless the person is licensed by the department under this act and is operating in accordance with regulations promulgated by the department regarding the conduct of debt settlement services.

63 P.S. § 2403(b). This Court has held that:

Act 117 does not, on its face, provide sufficient standards to guide the Department on how DSS Providers are to provide debt settlement services.... Act 117 does not establish operating standards for the Department to follow in promulgating regulations regarding DSS Providers. Without such standards, we can not find that the Department has a legitimate delegation of

9. We note that USOBA did raise other constitutional claims in its Petition aside from the legitimacy of Act 117's delegation of authority to the Department. *See USOBA I*, slip op. at 4 (listing the issues raised in USOBA's Petition). As discussed generally in *Association of Settlement Companies*, the delegation issue is the only challenge raised so far in the recent challenges to Act 117 that this Court has determined to be a facial defect in Act 117.

10. We note that, as Respondents argue, Section 1925 of the Statutory Construction Act of

1972, 1 Pa.C.S. § 1925, provides that "[t]he provisions of every statute shall be severable. If any provision of any statute or the application thereof to any person or circumstance is held invalid, the remainder of the statute, and the application of such provision to other persons or circumstances, shall not be affected thereby." Therefore, merely because Act 117 grants a standardless delegation of authority to the Department to regulate the manner in which DSS Providers conduct business, we need not hold all of Act 117 inapplicable to DSS Providers.

authority to promulgate regulations affecting DSS Providers and that the Department can require DSS Providers to operate in accordance with such regulations per the terms of Section 3(b).

*Association of Settlement Companies*, 977 A.2d at 1270. Because we have held that the Department lacks the authority to promulgate regulations affecting DSS Providers, we must declare the Section 3(b) requirement that DSS Providers operate "in accordance with regulations promulgated by the department regarding the conduct of debt settlement services," 63 P.S. § 2403(b), unconstitutional and unenforceable.

■ Similarly, in *Association of Settlement Companies*, this Court held that Act 117 provided no standards or restraints on its grant of authority to the Department to set and regulate the fees that DSS Providers may charge. *Id.*, 977 A.2d at 1269–70. Section 15(h) of Act 117, 63 P.S. § 2415(h), states that "[a] licensee shall not charge a consumer any fees other than those described in this section or by regulation promulgated by the department for services regulated pursuant to this act." 63 P.S. § 2415(h). Because Act 117 provides no standards to guide or restrain the Department in setting fees for debt settlement services, this Court holds that Section 15(h) is unconstitutional and unenforceable against licensees charging fees for debt settlement services.

■ However, with regard to the licensing of DSS Providers, in *Association of Settlement Companies*, this Court held that "Act 117 contains adequate policy choices with regard to the *licensing* of

DSS Providers and contains sufficient standards to guide and restrain the Department in carrying out these policy choices." *Id.*, 977 A.2d at 1265 (emphasis in original). Therefore, we do not have, at this stage in the litigation, any basis upon which to declare the remainder of Act 117 unconstitutional. We, therefore, grant USOBA's Application only in part, as discussed above, and deny it in part.

### ORDER

**NOW,** February 25, 2010, the Application for Summary Relief of the United States Organizations for Bankruptcy Alternatives, Inc. (Application) in the above-captioned matter is hereby **GRANTED IN PART** and **DENIED IN PART.** The Application is **GRANTED** to the extent that: 1) the language of Section 3(b) of the Debt Management Services Act, 63 P.S. § 2403(b), stating "and is operating in accordance with regulations promulgated by the department regarding the conduct of debt settlement services" is hereby declared unconstitutional and unenforceable; and 2) the application of Section 15(h) to the provision of debt settlement services is hereby declared unconstitutional and unenforceable. The remainder of the Application is **DENIED.**

DISSENTING OPINION BY Senior Judge KELLEY.

I respectfully dissent.

In this case, it is conceded by Petitioner that the Department of Banking is not enforcing the provisions of Act 117 relating to "debt settlement services" pursuant to a prior order of this Court. *See* Petitioner's Reply Brief at 1–2, Appendix A.[1] As a

---

1. More specifically, Appendix A to Petitioner's Reply Brief states the following, in pertinent part:

Secretary Kaplan asked me to provide you with the attached document that represents the Department of Banking's "current thinking" regarding the licensure and regu-

result, Petitioner's claims regarding the constitutionality of Act 117 with respect to the regulation of "debt settlement services" are not ripe for our review. *Pennsylvania Dental Hygienists' Association, Inc. v. State Board of Dentistry*, 672 A.2d 414 (Pa.Cmwlth.1996); *American Council of Life Insurance v. Foster*, 134 Pa. Cmwlth. 634, 580 A.2d 448 (1990).

Accordingly, unlike the majority, I would deny the application for summary relief in all respects.

lation of the debt settlement industry in Pennsylvania.

You may recall that a provision in Act 117 of 2008, the Debt Management Services Act, which was enacted in November of 2008, prohibited the offering of debt settlement services in Pennsylvania until the Department promulgated enabling regulations.

In February, when the provision was to become effective, the Commonwealth Court enjoined the Department from enforcing it. Additionally, we are now certain that the Commonwealth Court will declare the provision requiring promulgation of enabling regulations unconstitutional.

We have therefore, decided not to go forward with the enabling regulations which we had intended to vet with industry and consumer groups as the next step in the regulatory review process. . . .