**Pocono Mountain Charter School v. Pocono Mountain School District**

C.P. of Monroe County, No. 7363 CV 2009.

*Daniel M. Fennick* and *Marshall E. Anders*, for plaintiff.

*John E. Freund, III* and *Ellen C. Schurdak*, for defendant.

ZULICK, *J.*, January 24, 2013—On August 6, 2009, the plaintiff, Pocono Mountain Charter School (hereinafter "Charter School"), filed a complaint against the defendant, Pocono Mountain School District (hereinafter "District"). The Charter School sought a declaratory judgment against the District asking the court to find that sixty-two conditions added to the 2006 renewed charter were in violation of the Charter School Law (hereinafter "CSL"). On October 30, 2009, the Charter School filed a motion

for summary judgment and a brief in support thereof on March 18, 2010. On December 1, 2009, the District filed a response to the Charter School's motion and a brief in support thereof on April 5, 2010. On April 7, 2010, the Honorable Linda Wallach Miller denied the Charter School's motion for summary judgment.

On November 9, 2012, the District filed a motion for summary judgment and a brief in support thereof. On December 31, 2012, the School filed a brief in opposition to the District's motion. On January 7, 2013, both parties presented argument before this court.

## DISCUSSION

The Charter School seeks relief in this case under the Declaratory Judgments Act, 42 Pa. C.S.A. 7531, et seq. In its response to the district's motion for summary judgment, the Charter School contends that this court should take no action pending resolution of the appeal now pending before the State Charter School Appeal Board (hereinafter "CAB"). "One of the issues in the appeal pending before CAB is whether the imposed conditions contained in the charter are valid." *Charter School's Brief in Opposition*, pg. 6. The Charter School notes that the District advanced a similar argument in response to the Charter School's 2010 motion for summary judgment, stating:

In fact, this is the exact reason that the school district opposed the charter schools motion for summary judgment in 2009...Specifically, the school district argued as follows:

The tribunal vested with exclusive jurisdiction of the appeal of the denial of a charter is the Charter Appeals Board...

(See school district "brief in response to notion for summary judgment," April 4, 2010, pp. 2-6.)

*Id.* at 7.

Considering the role of the CAB under the CSL, 24 P.S. §17-1701, et seq., and the effect of that legislation on this court's jurisdiction under the declaratory judgments act, this court is precluded from considering the parties' claims in this declaratory judgment action.

## I. Facts before the Court

The Charter School is a publicly-funded charter school which is organized under the CSL, 24 P.S. 17-1701-A, et seq. The district is a public school district organized under the Public School Code, 24 P.S. 1-101, et seq. On February 19, 2003, the district issued a charter to the Charter School pursuant to the CSL.

The initial charter was for a period of three (3) years, expiring in June, 2006. In September 2005, the Charter School filed an application to renew the charter for an additional five (5) year period. The district undertook an investigation of the renewal application pursuant to the CSL, and, on June 4, 2006, granted a five (5) year renewal. However, the renewed charter issued by the district contained an additional sixty-two (62) conditions which were not present in the original. Both parties signed the renewed charter.

At a meeting of the district board of directors on May 21, 2008, the board voted to institute revocation proceedings against the Charter School's charter. The revocation was premised on alleged violations of the charter, some of which were violations of the sixty-two conditions. Following approximately sixteen hearing sessions before the board, the district voted to revoke the charter on October 6, 2010.

The Charter School responded with an appeal to the CAB (Docket Number No. CAB 2010-06). This appeal was filed after this case was filed. Among the issues on appeal before the CAB are the validity of the revocation and the validity of the conditions included in the renewed charter. In October, 2011, the CAB voted to reverse the district's revocation. However, before a written opinion could be issued, the auditor general published an audit of the Charter School in February, 2012, echoing some of the district's criticisms cited in the revocation. The district requested that the CAB reopen its proceedings to examine the auditor general's findings, which it did.

Debra Wallet, a hearing officer, was specially appointed by the CAB to determine what additional evidence should be considered. Ms. Wallet received evidence in November, 2012, and is in the process of making a report to the CAB. Due to the supplemental proceedings triggered by the audit, the CAB has not issued a final decision on the Charter School's appeal, including the legality of the additional conditions.

## II. Declaratory Judgment

Section 7532 of the declaratory judgments act outlines

the general scope of a court's power to issue declaratory judgments. Section 7532 provides:

> Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

42 Pa. C.S.A. § 7532. However, section 7541 provides for the subchapter's construction. In pertinent part, section 7541(c) provides:

> (c) Exceptions.—Relief shall not be available under this subchapter with respect to any:
>
> (1) Action wherein a divorce or annulment of marriage is sought except as provided by 23 Pa.C.S. § 3306 (relating to proceedings to determine marital status).
>
> (2) Proceeding within the exclusive jurisdiction of a tribunal other than a court.
>
> (3) Proceeding involving an appeal from an order of a tribunal.

42 Pa. C.S.A. § 7541(c). "Whether a declaratory judgment action is within the exclusive control of another tribunal is determined then by the type of relief sought, not the subject matter involved." *Ruszin v. Com., Dept. of Labor*

*& Industry, Bureau of Workers' Compensation,* 675 A.2d 366 (Cmwlth. Ct. 1996).

Matters involving disputes over charter schools fall within the exclusive jurisdiction of the CAB. The CSL, 24 P.S. § 17-1729-A, governs challenges to the nonrenewal or revocation of a charter. In pertinent part, Section 17-1729-A provides:

> (d) Following the appointment and confirmation of the appeal board, but not before July 1, 1999, the charter school may appeal the decision of the local board of school directors to revoke or not renew the charter to the appeal board. The appeal board shall have the exclusive review of a decision not to renew or revoke a charter...

> ...(h) All decisions by the charter school appeal board shall be subject to appellate review by the Commonwealth Court.

24 P.S. § 17-1729-A(d) and (h).

The commonwealth court has reaffirmed the CAB's exclusive province over matters involving charter schools. In *Northside Urban Pathways Charter School v. State Charter School Appeal Board,* 56 A.2d 80 (Cmwlth. Ct. 2012), the court asserted that the "Charter School Law expressly vests the CAB with jurisdiction over every significant decision involving a charter school." *Id.* at 85. The court went on to justify its conclusion, stating:

> In so holding, we are cognizant of our prior observation that "local school boards have a significant interest in

whether charters are granted; indeed the legislative history contains frequent references to the bias of local school boards against charter schools." *West Chester Area School District v. Collegium Charter School*, 760 A.2d 452, 461 (Pa.Cmwlth.2000). The legislature dealt with this inherent bias by ensuring that the CAB has jurisdiction to review every significant decision that could be made by a school district with respect to a charter school. Without the oversight of the CAB, school districts could restrict the creation and growth of charter schools, thereby defeating the legislative intent of providing parents and students with expanded choices in public education.

*Id.*

Additionally, the district in its April 4, 2010, response to summary judgment, and the Charter School by reference thereto in its brief in opposition, refer to *Mosaica Academy Charter School v. Com. Dept. of Educ.*, 813 A.2d 813 (Pa. 2002), in asking the court to delay its ruling. In Mosaica, our supreme court found that a school district may not proceed under the declaratory judgments act and bypass the procedures in the CSL by obtaining "a declaration from the Commonwealth Court that the charter was improperly granted." *Id.* at 820. In so ruling, the court reasoned that:

[T]he declaratory judgments act, 42 Pa.C.S. §§ 7532-7541, expressly prohibits...[the district's] challenge to the validity of the charter. Section 7541(c) precludes granting of relief with respect to any proceeding within the exclusive jurisdiction of a tribunal other than a

court. *Id.* at § 7541(c)(2)...We have concluded that the CSL sets forth the procedure for the revocation of a charter by the local board of directors of the chartering district, with review of that decision falling within the exclusive authority of the CAB.

*Id.*

The Charter School indicates in its brief, and counsel for both parties conceded at oral argument, that there is currently an appeal pending before the CAB which will address, among other things, the validity of the conditions included in the renewed application. Both before the CAB and in this case, the Charter School seeks to have these conditions declared invalid.

As stated in *Northside Urban Pathways Charter School,* all significant decisions involving charter schools fall within the jurisdiction of the CAB. Whether conditions included in a charter are valid under the CSL is such a decision. In fact, the determination of the conditions' validity in the case before the CAB may be determinative of the validity of the district's revocation. Section 17-1729-A clearly gives the CAB exclusive jurisdiction over review of a school district's decision to not renew or revoke a charter. Similar to the situation confronted by our supreme court in Mosaica, declaratory relief by the court of common pleas which interferes with the exclusive province of the CAB to decide significant matters relating to charter schools is improper.

Pennsylvania Rule of Civil Procedure 1032 provides, in pertinent part:

(b) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter...the court shall order that the action be transferred to a court of the Commonwealth which has jurisdiction...but if that is not possible, then it shall dismiss the action.

Pa. R. Civ. P. 1032(b). "[J]urisdiction cannot be conferred on a Court or waived by the parties, and a court is duty-bound to raise the issue sua sponte." *Borough of Crafton v. Board of Property Assessments, Appeals and Review of Allegheny County*, 298 A.2d 643, 646 (Cmwlth. Ct. 1972), rev'd on different grounds, 328 A.2d 819 (Pa. 1974).

This court lacks jurisdiction over this declaratory judgment action. The parties' claims and counterclaims under the declaratory judgments act will be dismissed.

## ORDER

And now, this 24th day of January, 2013, upon consideration of the motion for summary judgment by the Defendant Pocono Mountain School District and brief in support thereof, the plaintiff's brief and oral arguments, it is ordered:

1. That the defendant's motion for summary judgment is denied; and

2. The case is dismissed for lack of jurisdiction pursuant to 42 Pa. C.S.A. § 7541(c)(2), precluding declaratory judgment relief when the proceeding is within the exclusive jurisdiction of a tribunal other than a court.