IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lindros Taxi, LLC, Mickey Cab Corp.,  :
Eurostar Taxi, LLC, Gotry Cab Co.,  :
Botswana Taxi, LLC, Yellow 2000  :
of Philadelphia, Inc., Vick Taxi, LLC,  :
Two Phones Taxi, LLC, and Nagi  :
Cab Corp.,  :
                Appellants  :
  :  No.  1173 C.D. 2015
           v.  :
  :  Argued:  May 12, 2016
The Philadelphia Parking Authority  :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge


OPINION BY
JUDGE McCULLOUGH                    FILED:  July 1, 2016


Lindros Taxi, LLC, Mickey Cab Corporation, Eurostar Taxi, LLC, Gotry Cab Company, Botswana Taxi, LLC, Yellow 2000 of Philadelphia, Inc., Vicki Taxi, LLC, Two Phones Taxi, LLC, and Nagi Cab Corporation (Appellants) appeal from the June 11, 2015 order of the Court of Common Pleas of Philadelphia County (trial court) denying Appellants' statutory appeal from the order of a Philadelphia Parking Authority (PPA) Hearing Officer, which sustained citations issued to Appellants for violating section 1011.9 of Title 52 of the Pennsylvania Code (Code).[1]

---

[1] 52 Pa. Code §1011.9 (taxicab service limitations).

**Facts and Procedural History**

The underlying facts are undisputed. On August 6, 2013, the Pennsylvania Department of Transportation (DOT) suspended the driver's license of a taxicab driver, Bengali Konneh (Konneh). However, Konneh continued to lease and operate Appellants' taxicabs while his license was suspended. On November 13, 2013, Konneh appeared at PPA's Taxicab and Limousine Division (TLD) to renew his PPA issued taxicab driver's certificate (Taxicab Certificate)[2] when TLD discovered that Konneh's driver's license had been suspended. TLD's Enforcement Department then reviewed its GPS records and discovered that Konneh had operated Appellants' taxicabs while his driver's license was suspended. On December 3, 2013, TLD issued citations to Appellants because it determined that Appellants failed to adequately supervise their taxicabs when they allowed Konneh to lease and operate their vehicles with a suspended driver's license in violation of section 1011.9 of the Code. Appellants appealed the issuance of citations and, on July 24, 2014, a PPA Hearing Officer held a hearing.[3]

At the hearing, Matt Black (Black), a TLD Inspector, confirmed that he issued the citations because a driver operated a taxicab with a suspended driver's license. Black stated that Konneh arrived at TLD to renew his Taxicab Certificate, that he reviewed Konneh's ten-year driving record provided by DOT, and that it indicated that Konneh's driver's license had been suspended on August 6, 2013. He testified that he reviewed GPS records which showed that Konneh had performed

---

[2] A Taxicab Certificate is required to operate a taxicab in Philadelphia. (Reproduced Record (R.R.) at 147a-48a.)

[3] The hearing was held for Lindros Taxi, LLC. However, other than the dates of the offenses and the cab numbers, the facts of Appellants' individual cases were identical. Therefore, the testimony was incorporated into all Appellants' cases. (R.R. at 140a-41a, 191a-93a.)

numerous trips using Appellants' taxicabs while his driver's license was suspended. Black further testified that TLD regulations prohibit a taxicab driver from operating a taxicab without a valid driver's license and that a certificate holder[4] must supervise its taxicabs to confirm that only authorized drivers provide taxicab service. He stated that Appellants' failure to supervise their taxicabs was the basis for issuing the citations. (R.R. at 143a-46a, 150a.)

Black testified that a Taxicab Certificate must be renewed annually and one of the requirements for a Taxicab Certificate is a valid driver's license. He explained that TLD does not perform random inspections to determine whether a taxicab driver possesses a valid driver's license and will likely only investigate a driver's license if the vehicle is stopped for inspection. Black acknowledged that it is not unusual for a taxicab driver to possess a valid Taxicab Certificate with a suspended driver's license and confirmed that was Konneh's situation; however, he noted that there are approximately 6,000 taxicab drivers in Philadelphia and it would be impossible for PPA to confirm daily that every taxicab driver possesses a valid driver's license. (R.R. at 147a-50a, 154a-56a.)

Black further testified that, after he concluded his investigation and confiscated Konneh's Taxicab Certificate, his supervisor instructed him to issue citations for Appellants' alleged failure to supervise their taxicabs that had occurred months prior. Black acknowledged that TLD was unaware that Konneh's driver's license had been suspended on the dates when he actually provided taxicab service with a suspended driver's license. (R.R. at 163a, 166a-67a.)

---

[4] The Code defines a certificate holder as the person to whom PPA issues a certificate of public convenience. 52 Pa. Code §1001.10(a).

3

On October 22, 2014, PPA issued its order and opinion, sustaining the citations against Appellants. On November 12, 2014, Appellants filed a timely appeal to the trial court, asserting that: PPA erred when it determined that certificate holders are responsible for confirming that a taxicab driver possesses a valid driver's license; PPA erred when it determined that it has the authority to retroactively issue citations; and PPA abused its discretion when it determined that Appellants violated section 1011.9 of the Code because the record contained no evidence indicating that Appellants failed to verify the validity of Konneh's driver's license before they allowed him to lease and operate their taxicabs.

On June 11, 2015, the trial court denied Appellants' appeal. In its opinion, the trial court reasoned that PPA's determination that Appellants must ensure that a taxicab driver possesses a valid driver's license was proper because the Code mandates that a certificate holder shall supervise its taxicabs to certify that only authorized taxicab drivers provide taxicab service. The trial court determined that PPA did not violate Appellants' due process rights because Appellants received adequate notice of the citations and participated in a hearing to contest the propriety of the citations. Moreover, the trial court concluded that Appellants' argument that PPA abused its discretion when it determined that Appellants violated the Code was meritless because Appellants argued an incorrect standard; the record supported PPA's finding that Konneh operated taxicabs without a valid driver's license and, therefore, it was irrelevant to argue that there was insufficient evidence to show that Appellants had not verified the validity of Konneh's driver's license prior to leasing their taxicabs to him.

4

On appeal to this Court,[5] Appellants reiterate the arguments made before the trial court. Specifically, they argue that the trial court erred when it determined that section 1011.9 of the Code requires a certificate holder to verify that a driver who operates its taxicabs possesses a valid driver's license. Appellants also argue that the trial court erred because PPA does not have the authority to retroactively issue citations for conduct that occurred months prior because it violates Appellants' due process rights. Moreover, Appellants assert that the trial court erred when it determined that Appellants violated section 1011.9 of the Code because there is no record evidence indicating that Appellants failed to verify whether Konneh's driver's license was valid when they leased their taxicabs to him.

**Discussion**

Initially, we note that an agency's interpretation of its own regulation is controlling unless: (1) that interpretation is plainly erroneous or inconsistent with the regulation; or, (2) the regulation is inconsistent with the statute under which it is promulgated. *E. Smalis Painting Company, Inc. v. Department of Transportation*, 452 A.2d 601, 602 (Pa. Cmwlth. 1982).

PPA is an independent administrative commission that regulates taxicab and limousine service. 53 Pa.C.S. §5505(d)(23). PPA is authorized to investigate and examine the condition and management of any entity providing taxicab service.

_____

[5] Where the trial court does not take any additional evidence, our scope of review of an agency's decision is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether necessary findings of fact are supported by substantial evidence. *Kovler v. Bureau of Administrative Adjudication*, 6 A.3d 1060, 1062 n.1 (Pa. Cmwlth. 2010).

53 Pa.C.S. §5505(d)(24). PPA may prescribe such rules as it deems necessary to govern the regulation of taxicabs within Philadelphia. 53 Pa.C.S. §5722.

The Code provides that only the following individuals may provide taxicab service: (1) the owner, if the owner is a taxicab driver; (2) an employee of the certificate holder who is a taxicab driver; or, (3) a taxicab driver who leases the taxicab directly from the certificate holder. 52 Pa. Code §1011.9(a). The Code further provides that "[a] certificate holder shall supervise its taxicab to make certain that only those taxicab drivers authorized by this section provide taxicab service." 52 Pa. Code §1011.9(b).

## Duty to Supervise

Appellants argue that the Code designates PPA as the entity charged with ensuring that taxicab drivers possess valid drivers' licenses, not certificate holders. According to Appellants, PPA is the only entity authorized to determine who is a taxicab driver because the Code defines a taxicab driver as an individual who possesses a current and validly issued Taxicab Certificate and PPA is the only entity authorized to issue a Taxicab Certificate. Similarly, Appellants assert that PPA is charged with confirming that a taxicab driver holds a valid driver's license after a Taxicab Certificate is issued or renewed because PPA only issues a Taxicab Certificate after initially verifying that the applicant holds a current driver's license. Appellants further assert that, by issuance or renewal of a Taxicab Certificate, PPA represents the individual to the industry and the public as one who possesses a valid Taxicab Certificate, they must rely on a Taxicab Certificate to determine who is authorized to operate their taxicabs, and, consequently, they are not required to

independently verify that a taxicab driver with a current and validly issued Taxicab Certificate also possesses a valid driver's license.

Conversely, PPA argues that certificate holders are charged with ensuring that a taxicab driver possess a valid driver's license because they frequently interact with the drivers, including regularly entering into lease agreements with them. PPA also asserts that to hold otherwise would unreasonably allocate the burden to PPA to certify that all taxicab drivers possess valid drivers' licenses and would produce an illogical result because certificate holders would be authorized to rely on a Taxicab Certificate notwithstanding that the driver may be prohibited from operating any vehicle due to a suspended driver's license.

The Code unambiguously states that only a taxicab driver may provide taxicab service. 52 Pa. Code §§1011.9(a), 1021.2(a). A taxicab driver is defined as "[t]he individual to whom a current and valid taxicab driver's certificate has been issued by the Authority under section 5706 of the act."[6] 52 Pa. Code §1001.10(a). An individual who does not possess a valid driver's license is ineligible for a Taxicab Certificate. 52 Pa. Code §1021.4(1). The Code mandates that a certificate holder "shall supervise its taxicab to make certain that only those taxicab drivers *authorized by this section* provide taxicab service." 52 Pa. Code §1011.9(b) (emphasis added). The Code is clear that a certificate holder "shall supervise" its taxicabs; however, the restrictive language in section 1011.9(b) limits the duty of supervision and requires only that certificate holders verify that an individual authorized by this section, i.e., with a valid Taxicab Certificate, provides taxicab service. Notably absent from the

---

[6] Section 5706 of the General Local Government Code (Act), Act of July 16, 2004, P.L. 758, *as amended*, 53 Pa.C.S. §5706, states, in pertinent part, "[n]o individual shall operate a taxicab or limousine at any time unless the individual is certified as a driver by the authority. . . ." 53 Pa.C.S. §5706(a).

7

Code is a requirement that certificate holders verify that individuals with a valid Taxicab Certificate also possess a valid driver's license.

Additionally, the Code defines a Taxicab Certificate as "[a] certificate issued by the Authority *authorizing the holder to provide taxicab service* under the act . . . ." 52 Pa. Code §1001.10(a) (emphasis added). Similarly, section 5706 of the Act provides, in pertinent part, that:

> Operating a taxicab or limousine without a driver's certificate or authorizing or permitting the operation of a taxicab or limousine *by a driver who is not certified as a driver by the authority* . . . is a nontraffic summary offense in the first instance and a misdemeanor of the third degree for each offense thereafter.

53 Pa.C.S. §5606(b) (emphasis added).

Section 1001.10(a) of the Code expressly states that a Taxicab Certificate authorizes the holder to provide taxicab service and Section 5706 of the Act contemplates issuance of violations to certificate holders only for permitting a driver to operate a taxicab without a Taxicab Certificate.

The Code's plain language indicates that a Taxicab Certificate authorizes an individual to provide taxicab service and mandates that a certificate holder "shall supervise" its taxicabs to verify that only individuals with a valid Taxicab Certificate provide taxicab service. However, there is no provision in the Code or the Act requiring a certificate holder to verify that a taxicab driver also possesses a valid driver's license. To hold otherwise would be an improper exercise of judicial legislation. Therefore, a certificate holder's duty to supervise is satisfied if it verifies that an individual possesses a current and validly issued Taxicab Certificate. PPA's interpretation concluding otherwise is inconsistent with the Code's plain language and, therefore, clearly erroneous.

PPA directs this Court's attention to section 1021.12(d) of the Code, which mandates that a taxicab driver may not provide taxicab service without a valid driver's license. 52 Pa. Code §1021.12(d). However, that section of the Code addresses taxicab drivers, not certificate holders. Moreover, the Code's express language limits a certificate holder's duty of supervision to verify that "only those taxicab drivers *authorized by this section* [i.e., individuals possessing a current and valid Taxicab Certificate] provide taxicab service." 52 Pa. Code §1011.9(b) (emphasis added). Thus, even if section 1021.12 of the Code was directed at certificate holders, the Code's plain language indicates that a certificate holder's duty to supervise does not extend to that section of the Code.

PPA also argues that Appellants' reading unreasonably allocates the burden to PPA to certify that all taxicab drivers possess valid drivers' licenses. However, the burden is already assigned to PPA to inquire whether an applicant for issuance or renewal of a Taxicab Certificate possesses a valid driver's license. 52 Pa. Code §1021.4(1).

Finally, PPA asserts that it would produce an illogical result if certificate holders are authorized to rely on an individual's valid Taxicab Certificate to allow him or her to provide taxicab service notwithstanding that the individual's invalid driver's license prohibits the individual from operating any vehicle. Our holding does not authorize an individual with a valid Taxicab Certificate to operate a vehicle notwithstanding an invalid driver's license. Rather, our holding is limited to concluding that the Code's plain language indicates that a certificate holder need only check the validity of an individual's Taxicab Certificate to satisfy its duty of supervision under section 1011.9 of the Code. *See* 52 Pa. Code §1001.10(a) (defining

a Taxicab Certificate as "[a] certificate issued by the Authority *authorizing the holder to provide taxicab service* under the act . . ." (emphasis added).

## Conclusion

Accordingly, because the Code does not require certificate holders to certify that individuals who possess a current and validly issued Taxicab Certificate also possess a valid driver's license, the trial court's order is reversed.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lindros Taxi, LLC, Mickey Cab Corp., :
Eurostar Taxi, LLC, Gotry Cab Co., :
Botswana Taxi, LLC, Yellow 2000 :
of Philadelphia, Inc., Vick Taxi, LLC, :
Two Phones Taxi, LLC, and Nagi :
Cab Corp., :
                Appellants :
                 :   No.  1173 C.D. 2015
          v. :
                 :
The Philadelphia Parking Authority :

## ***ORDER***

AND NOW, this 1st day of July, 2016, the June 11, 2015 order of the Court of Common Pleas of Philadelphia County is reversed.

_____
PATRICIA A. McCULLOUGH, Judge