# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Seedjam, Inc., : 
          Appellant : 
       : 
      v. : No. 2233 C.D. 2015
       : Submitted: October 20, 2016
The Philadelphia Parking Authority : 


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE DAN PELLEGRINI, Senior Judge


<u>OPINION NOT REPORTED</u>


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI             FILED: November 14, 2016


Seedjam, Inc. (Seedjam) appeals an order of the Court of Common Pleas of Philadelphia County (trial court) affirming the Philadelphia Parking Authority Taxicab and Limousine Division's (Hearing Officer's) order sustaining the Philadelphia Parking Authority's (Authority) imposition of a $350.00 fine for operating its medallion taxicab without a working GPS system in violation of 52 Pa. Code § 1017.24.[1]  We affirm.

---

[1] In addition to the fine, Seedjam was also issued citation T-17865, incomplete communication system, and citation T-17866, vehicle condition and equipment substandard. Pursuant to a plea agreement, Seedjam pleaded liable to these other two citations in exchange for recommended penalties.  (Reproduced Record (R.R.) at 19a-20a, 27a-28a.)  Seedjam only challenges the citation on appeal.

On September 27, 2014, Division Inspector Joseph McKeown (McKeown) issued citation T-17864 (Citation) to Seedjam for violating 52 Pa. Code § 1017.24, "Meter activation and display," because its GPS system failed to power on despite repeated attempts. Seedjam received a reducible penalty of $350.00 and its medallion taxicab was placed out of service. Seedjam timely contested the Citation.

Seedjam appealed and before the Hearing Officer, McKeown testified that when he inspected the taxicab on September 27, 2014, its GPS system would not "power on" despite several attempts to do so. He stated that he also provided the driver with an opportunity to turn on the GPS to no avail. McKeown admitted, though, that he did not check the GPS's cables, fuses or any batteries it had. McKeown stated that he then issued Seedjam a citation for "meter activation and display" under 52 Pa. Code § 1017.24 because the GPS is a component of the taxicab's meter system and must be operational when a taxicab is in service.

The Hearing Officer found an inoperable GPS to be a violation of 52 Pa. Code § 1017.24 and imposed a penalty of $350.00 along with a $75.00 administrative hearing fee. Seedjam appealed to the trial court, which affirmed the Hearing Officer's decision. Seedjam then filed this appeal.[2]

---

[2] "Where the trial court does not take any additional evidence, our scope of review of an agency's decision is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether necessary findings of fact are supported by substantial evidence." *Lindros Taxi, LLC v. Philadelphia Parking Authority*, 143 A.3d 443, 446 (Pa. Cmwlth. 2016) (citing *Kovler v. Bureau of Administrative Adjudication,* 6 A.3d 1060, 1062 n.1 (Pa. Cmwlth. 2010)).

On appeal, Seedjam contends that the trial court erred by imposing a $350.00 fine because Section 5725 of what is commonly referred to as the Parking Authority Law,[3] unlawfully delegates the Authority to impose civil penalties for taxicab violations without standards in violation of Article II, Section 1 of the Pennsylvania Constitution.[4] This regulation provides:

> If any person or corporation subject to this subchapter . . . shall fail, omit, neglect or refuse to obey, observe and comply with any regulation or final direction, requirement, determination or order made by the authority . . . the person or corporation . . . shall forfeit and pay to the authority **a sum not exceeding $1,000** to be recovered by a complaint as provided in section 5705(b) (relating to contested complaints).

53 Pa.C.S. § 5725(a). (emphasis added.) It argues that this provision is an unlawful delegation because it does not impose any fixed standard, policies or limitations on the Authority in issuing citations and civil penalties other than the $1,000.00 limitation.

In support of its challenge, Seedjam primarily relies on *MCT Transportation, Inc. v. Philadelphia Parking Authority*,[5] where we held, in

---

[3] 53 Pa.C.S. §§ 5501–5517, 5701–5745.

[4] Article II, Section 1 states, "The legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives." Pa. Const. art. II, § 1.

[5] *MCT Transportation Inc. v. Philadelphia Parking Authority*, 60 A.3d 899, 905 (Pa. Cmwlth.) (footnote omitted), *aff'd sub nom. MCT Transportation, Inc. v. Philadelphia Parking*
**(Footnote continued on next page…)**

pertinent part, that Section 5707(b) of the Parking Authority Law was an unconstitutional delegation of legislative authority reasoning:

> Section 5707(b) states that the Parking Authority's annual budget and fee schedule shall be in the amounts "necessary to advance the purposes of this chapter." General expenses that cannot be tied to either the Limousine Account or the Taxicab Account will be allocated in "a fair and equitable manner . . . as determined by the authority." 53 Pa.C.S. § 5708(c)(2). The words "necessary" and "fair and equitable" suggest a standard, but it is a standard too inchoate to survive the separation of powers challenge brought by the Taxicab Companies.

60 A.3d at 914. We then determined that Section 5707(b) of the Parking Authority Law was an unlawful delegation because it provided "'no standards to guide or restrain [the Authority] in setting fees' in any fashion whatsoever." *Id.* at 915 (quoting *United States Organizations for Bankruptcy Alternatives, Inc. v. Department of Banking*, 991 A.2d 370, 375 (Pa. Cmwlth. 2010)).[6]

_____

**(continued…)**

*Authority*, 81 A.3d 813 (Pa. 2013), and *aff'd sub nom. MCT Transportation, Inc. v. Philadelphia Parking Authority*, 83 A.3d 85 (Pa. 2013).

[6] Since our decision in *MCT Transportation*, the General Assembly established a new process for setting the Parking Authority's budget and assessments. Act of July 9, 2013, P.L. 455, No. 64 (Act 64). Act 64 substantially amended Sections 5707 and 5708 and added Sections 5707.1 and 5710 of the Parking Authority Law.

However, contrary to Seedjam's contention, our holding in *MCT Transportation* does not control because Section 5725 of the Parking Authority Law does provide a standard by explicitly providing a $1,000.00 limitation on the fine that the Authority could set or impose. 53 Pa.C.S. § 5725(a). By providing a maximum amount, the General Assembly gave a sufficient standard which set the boundary of the fine that the Authority could impose.[7]

Seedjam also contends that the trial court erred when concluding that it violated 52 Pa. Code § 1017.24 by not having a GPS system attached to its taximeter because the regulation does not require a GPS to be hardwired or otherwise affixed to the taximeter nor does it require the taximeter to have GPS functionality. Instead, Seedjam asserts that regulation only requires a taxicab to have GPS capabilities, which could be satisfied by the use of a driver's cell phone. This contention is, however, contrary to 52 Pa. Code § 1017.24 which clearly provides that "meters in every taxicab must have . . . [t]he ability to provide drivers with driving directions through a global positioning system [and] . . . global positioning system tracking to monitor the location of each taxicab and provide driving directions to the taxicab driver . . . ." *Id.* at § 1017.24(d)(2) & (3).[8]

---

[7] We also note that the General Assembly has placed various restraints and limitations on the Authority's discretion, which affect its ability to promulgate and enforce regulations. For instance, the General Assembly also restrains the Authority's power to regulate taxicabs to the area in and around Philadelphia, 53 Pa.C.S. §§ 5505(d)(23),(24) & 5722, sets the composition of its Governing Board, *id.* at § 5508.1(c), oversees its budget, *id.* at § 5707, and sets administrative fees, *id.* at § 5710, all for the purpose of streamlining the Commonwealth's ground transportation system, in particular, its taxicab and limousine services. *Id.* at §§ 5502, 5701.1.

[8] A survey of the history for 52 Pa. Code § 1017.24 further makes clear that a taximeter's ability to provide GPS navigation and tracking was for the important purposes of improving public safety and to assist police investigations.
**(Footnote continued on next page…)**

Finally, Seedjam contends that the fine imposed by the Authority was an unconstitutional taking without due process of law because the Authority has failed to effect uniform guidelines for imposing civil penalties for GPS violations, which has purportedly resulted in inconsistent application. However, Seedjam was provided with both notice and an opportunity to be heard regarding the Citation because it clearly explained the substance of the charge from the moment it was issued. As we have explained, the "essential elements [of due process] are notice and opportunity to be heard and to defend in an orderly proceeding adapted to the

---

**(continued…)**

> Commentators also suggested that the tracking of taxicab operations through the GPS function of the meter system was outside the Authority's scope. We disagree. Taxicab operations are and have always been a heavily regulated industry. Taxicabs always advertise their services, even when a driver may claim he or she is not seeking a fare. Taxicab regulation is based upon the close contact taxicabs have with customers and the potential for abuse or harm to passengers at the hands of drivers and vice versa. The GPS component has and will continue to improve driver safety through the use of the emergency button. When activated by a driver under distress, both the Authority and the taxicab's dispatcher will know where a driver is in order to direct police attention. The GPS function has also been used to locate countless taxicabs on behalf of passengers who left behind valuable items after exiting the taxicab. The GPS function has been used to assist the police in investigating crimes inflicted upon taxicab drivers or by taxicab drivers upon others. The manner in which taxicabs offer service or appear to offer service is squarely within the scope of the Authority's regulatory powers, regardless of when it happens. Also, taxicab drivers are not prohibited from using their own GPS units, in addition to that included in the meter system.

*See* 41 *Pennsylvania Bulletin* 6545 (December 3, 2011).

nature of the case before a tribunal having jurisdiction of the cause." *MCT Transportation*, 60 A.3d at 916 (quoting *Conestoga National Bank of Lancaster v. Patterson*, 275 A.2d 6, 9 (Pa. 1971)) (internal quotation omitted in *MCT Transportation*).[9]

Accordingly, the General Assembly was constitutionally permitted to provide the Authority with limited discretion to implement fines for violations of its regulations and because Seedjam failed to comply with 52 Pa. Code § 1017.24, which requires taximeters to have GPS functionality, we affirm.

_____
DAN PELLEGRINI, Senior Judge

---

[9] Seedjam contends that the Authority has been inconsistent when setting penalties regarding certain other citations regarding meter violations but admits those citations were withdrawn once it was called to the Authority's attention because they were not in accord with its regulations. Also, the Authority's regulation clearly provides that "[i]f a penalty has not been otherwise assigned to a violation of any provision of the act, this part or an order of the Authority, the penalty applicable to the violation may not be less than $25 and not greater than $1,000." 52 Pa. Code § 1001.61(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Seedjam, Inc., :  
          Appellant :  
  :  
      v. : No. 2233 C.D. 2015
  :  
The Philadelphia Parking Authority :  

# **O R D E R**

AND NOW, this 14th day of November, 2016, it is hereby ordered that the Court of Common Pleas of Philadelphia County's order dated October 2, 2015, is affirmed.

 

_____

DAN PELLEGRINI, Senior Judge