# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bucks County Services, Inc.,      :
             Appellant      :
                        :
        v.                  :    No. 2456 C.D. 2015
                        :    Submitted: May 1, 2017
Philadelphia Parking Authority      :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE JULIA K. HEARTHWAY, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                  **FILED: June 6, 2017**

       Appellant Bucks County Services, Inc. (BCS) appeals from the order of the Court of Common Pleas of Philadelphia County (trial court), dated November 3, 2015. The trial court affirmed the decision of the Philadelphia Parking Authority (Authority), Taxicab and Limousine Division's (TLD) Hearing Officer (Hearing Officer), which sustained the Authority's imposition of a fine for failing to pay the required annual assessment in violation of 52 Pa. Code § 1011.4. For the reasons set forth herein, we affirm the trial court's order.

       BCS holds a "partial rights" certificate of public convenience, which authorizes BCS to provide taxicab service in only designated portions of the City of Philadelphia (City). The Authority is responsible for the regulation of taxicab service within the City. On August 15, 2014, the TLD notified BCS that the annual assessment for fiscal year 2015 was $1,457 per taxicab. (Reproduced Record (R.R.) at P54.) Based upon BCS's annual filing with the Authority, which

indicated that twelve taxicabs would be providing service within the City under BCS's certificate of public convenience, the TLD calculated BCS's total assessment to be $17,484. (*Id.*) BCS was required to pay the assessment no later than September 15, 2014. (*Id.*) On October 27, 2014, after performing an investigation and determining that BCS did not pay the assessment, TLD Patrol Supervisor John Broggi (Supervisor Broggi) issued citation T-17815 to BCS for failure to pay the annual assessment as required by 52 Pa. Code § 1011.4. (*Id.* at P3, P58.) BCS appealed the citation and requested a hearing before the Hearing Officer. (*Id.* at P4-P6.)

At the hearing, the Authority presented the testimony of Christine Kirlin (Ms. Kirlin), the TLD's manager of administration, and Supervisor Broggi. Ms. Kirlin testified that on August 15, 2014, she sent an assessment notice to BCS, advising BCS that its annual assessment for fiscal year 2015 was $17,484 and that such assessment was due no later than September 15, 2014. (*Id.* at P19-P21.) Ms. Kirlin testified further that BCS did not pay the assessment by the September 15, 2014 deadline. (*Id.* at P21.) As a result, on October 1, 2014, Ms. Kirlin forwarded a request to the TLD's enforcement department for an investigation and the issuance of a citation. (*Id.* at P21-P25.) Supervisor Broggi testified that after receiving such request, he conducted his investigation and determined that BCS had been duly notified of the annual assessment and had failed to pay such assessment, which resulted in a violation. (*Id.* at P29-P31.)

BCS presented the testimony of Edward Burkhardt (Mr. Burkhardt), BCS's vice president. Mr. Burkhardt admitted that he had identified twelve taxicabs on BCS's annual filing with the Authority and that BCS had received the assessment notice from the TLD. (*Id.* at P34, P36.) Mr. Burkhardt also admitted

2

that BCS did not pay the assessment. (*Id.* at P35.) Mr. Burkhardt explained, however, that BCS had filed a challenge to the assessment and had not paid the assessment because BCS was disputing the amount that had been charged. (*Id.*) Mr. Burkhardt explained further that at the conclusion of the proceedings challenging the assessment, BCS would pay whatever amount was determined to be lawful. (*Id.* at P35-P36.)

On December 11, 2014, the Hearing Officer issued a decision sustaining the Authority's imposition of a fine for BCS's failure to pay the required annual assessment in violation of 52 Pa. Code § 1011.4. In so doing, the Hearing Officer noted that BCS had agreed that it had received notice of the assessment and that the assessment had not been paid. The Hearing Officer also relied on Section 5707.1(b)(3) of the Parking Authorities Law,[1] which provides that the filing of a petition challenging the assessment as excessive, erroneous, unlawful, or otherwise invalid "does not relieve the owner of the obligation to pay the assessment within the specified time frame." As a result, the Hearing Officer determined, *inter alia*, that BCS had violated 52 Pa. Code § 1011.4 by failing to pay the assessment and imposed a $250 penalty.[2]

BCS appealed the Hearing Officer's decision to the trial court. BCS's notice of appeal did not set forth the grounds for BCS's appeal of the Hearing Officer's decision. (Certified Record (C.R.), Notice of Appeal.) On

---

[1] 53 Pa. C.S. § 5707.1(b)(3).

[2] On January 14, 2015, in response to a petition for reconsideration filed by the TLD relating to its request for cancellation of BCS's certificate of public convenience, the Hearing Officer amended his December 11, 2014 order. (R.R. at P59-P63.) Such amendment is not relevant to this appeal and, therefore, will not be addressed in further detail.

March 20, 2015, the trial court issued a scheduling order requiring BCS to file a brief in support of its appeal no later than June 1, 2015. (C.R., Civil Docket Report.) BCS sought and was granted an extension until July 1, 2015 to file its brief. (*Id.*) BCS never filed a brief with the trial court and, therefore, failed to identify any issues for appeal. (*Id.*) Oral argument was held before the trial court on September 17, 2015. (*Id.*) The trial court essentially went into oral argument blind as to the reasons for BCS's appeal due to BCS's failure to file a brief in support of its appeal or to identify in any manner the issues on appeal. At oral argument, BCS attempted to rely upon a "brief" filed by Concord Limousine, Inc. (Concord) in a separate companion case.[3] (*See* Trial Ct. Op., April 29, 2016, at 2.) On November 3, 2015, the trial court issued an opinion and order, affirming the Hearing Officer's decision. In so doing, the trial court noted that the reasons for BCS's challenge to the assessment before the Authority and the basis for BCS's appeal to the trial court were unclear from the record because BCS had not filed a brief in support of its appeal with the trial court. BCS then appealed to this Court.

---

[3] The companion case was docketed with the trial court as *In re Appeal of Concord Limousine, Inc.*, Case I.D. 150103208. Concord's brief to the trial court was a verbatim copy of the petition for review filed with this Court, docketed as *Germantown Cab Company v. Philadelphia Parking Authority*, 586 M.D. 2014, wherein Germantown Cab Company attempted to challenge the constitutionality of the assessment statute (53 Pa. C.S. §§ 5707, 5707.1, 5708 and 5710). (*See* Trial Ct. Op., April 29, 2016, at 3 (the indented portion of the trial court's April 29, 2016 opinion references "Bucks," however, this appears to be an error and should refer to "Concord," as the body of the indented portion is an incorporation of the trial court's decision in the separate companion case involving Concord).) The trial court heard argument on this case together with the Concord matter and another similar matter.

On appeal,[4] BCS argues that the trial court erred by leaving the decision on the constitutionality of the assessment statute to this Court in its opinion in *Germantown Cab Company v. Philadelphia Parking Authority* (Pa. Cmwlth., No. 586 M.D. 2014, filed December 14, 2015). BCS argues further that the trial court also erred by not considering and deciding BCS's constitutional challenge to the assessment statute because: (1) BCS was not required to raise its constitutional challenge to the assessment statute before the Authority; and (2) the trial court did not sanction BCS for failing to file a brief in support of its appeal, but rather allowed BCS to refer to and rely upon the brief filed by Concord in the companion matter at the time of oral argument. Thus, it appears that BCS is attempting to challenge the Authority's imposition of the fine by challenging the facial constitutionality of the budget and assessment scheme set forth in Sections 5707-5710 of the Parking Authorities Law, 53 Pa. C.S. §§ 5707-5710. In response, the Authority argues that the trial court's order should be affirmed because BCS failed to develop a record or file a brief setting forth any facts, issues, or argument in support of its appeal and, therefore, failed to meet its burden of proving that the assessment statute was unconstitutional. We agree.

BCS does not identify any evidence in the record establishing that it preserved its constitutional challenge to the assessment statute below. The notice of appeal to the trial court does not set forth the grounds for BCS's appeal. BCS did not raise its constitutional challenge before the Authority and, in fact, claims

---

[4] "Where the trial court does not take any additional evidence, our scope of review of an agency's decision is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether necessary findings of fact are supported by substantial evidence." *Lindros Taxi, LLC v. Phila. Parking Auth.*, 143 A.3d 443, 446 n.5 (Pa. Cmwlth. 2016).

that it was not required to do so. The record does not contain a transcript of the oral argument before the trial court. As a result, there is essentially no evidence in the record to establish that BCS preserved its constitutional arguments before this Court in any manner. Rather, it appears that the first time that BCS raised its constitutional arguments was in its Rule 1925(b) statement of errors complained of on appeal. (*See* R.R. at P73-P76.) This is too late to preserve these issues for review by this Court because they must be raised at the first opportunity. *See Orange Stones Co. v. City of Reading, Zoning Hearing Bd.*, 32 A.3d 287, 291 (Pa. Cmwlth. 2011) ("It is well settled that issues not raised before the trial court cannot be raised for the first time on appeal or in a Rule 1925(b) Concise Statement of Claims Raised on Appeal.") BCS's opportunity to identify its issues for appeal was in its brief before the trial court. Despite seeking an extension, BCS failed to file a brief in direct violation of the trial court's order to do so. The trial court, in its discretion, had the ability to conclude that BCS's failure to file a brief constituted a waiver of its issues on appeal. *See Bd. of Supervisors of Willistown Twp. v. Main Line Gardens, Inc.*, 155 A.3d 39, 45 (Pa. 2017). The trial court essentially found waiver when it noted that the reasons for BCS's challenge to the assessment before the Authority and the basis for BCS's appeal to the trial court were unclear from the record because BCS had not filed a brief in support of its appeal with the trial court. For these reasons, BCS's constitutional challenge to the assessment statute has been waived.

Accordingly, we affirm the trial court's order.

_____
P. KEVIN BROBSON, Judge

Senior Judge Colins concurs in the result only.

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bucks County Services, Inc.,     :
               Appellant   :
                         :
          v.             :   No. 2456 C.D. 2015
                         :
Philadelphia Parking Authority   :

## **O R D E R**

AND NOW, this 6th day of June, 2017, the order of the Court of Common Pleas of Philadelphia County is hereby AFFIRMED.

_____
P. KEVIN BROBSON, Judge