IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Sochko, Sr.,                          :
                        Petitioner      :
                                                  :
                v.                           :
                                                  :
National Express Transit Service             :
(Workers' Compensation Appeal               :
Board),                                      :    No. 490 C.D. 2021
                       Respondent      :    Submitted: November 19, 2021


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge[1]
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: March 16, 2022


        Petitioner Daniel Sochko, Sr. (Claimant) petitions for review from the April 13, 2021, decision and order of the Workers' Compensation Appeal Board (Board), which affirmed the April 17, 2020, decision and order of the Workers' Compensation Judge (WCJ). The WCJ granted the modification petition filed by Respondent National Express Transit Service (Employer) and changed Claimant's benefit status from total to partial based on a December 17, 2019, Impairment Rating Evaluation (IRE). Upon review, we affirm.

---

[1] This case was assigned to the opinion writer before January 7, 2022, when Judge Cohn Jubelirer became President Judge.

## I. Factual & Procedural Background

The facts underlying this appeal are not in dispute. Claimant sustained a work-related injury on October 27, 2016. WCJ Op., 4/17/20, at 3; Certified Record (C.R.) #5. On October 31, 2017, the parties stipulated to the nature of Claimant's injuries and an ongoing temporary total disability benefit rate of $528.99 per week. *Id*. In June 2019, Employer asked Claimant to submit to an IRE. *Id*. Claimant initially disputed the request, but ultimately underwent an IRE on December 17, 2019. *Id*.

At the time Claimant underwent his IRE, the governing statutory provision was Section 306(a.3) of the Workers' Compensation Act (Act).[2] 77 P.S. § 511.3. Section 306(a.3) was enacted as part of Act 111 of 2018 (Act 111) to replace the previous IRE provisions in the Act. The purpose of Act 111 was to cure the defect in the previous provisions[3], which this Court found unconstitutional in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406, 416-17 (Pa. Cmwlth. 2015) (*Protz I*), as did our Supreme Court, which struck the previous provisions in their entirety in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827, 835-36 (Pa. 2017) (*Protz II*).[4]

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 4 of the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111).

[3] Section 306(a.2), *formerly* 77 P.S. § 511.2, was repealed by Act 111 and replaced by Section 306(a.3), 77 P.S. § 511.3.

[4] Both Courts found the previous IRE provision impermissibly delegated legislative authority to a private entity, the American Medical Association (AMA), without safeguards to ensure either General Assembly supervisory authority over the American Medical Association Guides to the Evaluation of Permanent Impairment (AMA Guides) used to calculate the results of IREs or accountability of the AMA authors. *See Protz v. Workers' Comp. Appeal Bd. (Derry Area Sch. Dist.)*, 161 A.3d 827, 836 (Pa. 2017) (*Protz II*).

The previous provisions enabled an employer to require a claimant to undergo an IRE once the claimant had received 104 weeks of total disability benefits after sustaining a work-related injury. *See Rose Corp. v. Workers' Comp. Appeal Bd. (Espada)*, 238 A.3d 551, 561 (Pa. Cmwlth. 2020). Act 111 retained the 104-week period, but reduced the previous threshold impairment rating for modification to partial status from 50% compared to that of a whole and unimpaired person to 35%, making it more difficult for employers to change total disability status to partial disability status. *Id.* at 562. Also, as in the previous provisions, total disability status has no time limit, but partial disability status after modification via an IRE is limited to 500 more weeks of benefits. *Id*. at 558. Relevant to this appeal, while Act 111 created a new and largely similar iteration of the IRE process, it specifically granted employers credit for any weeks of total disability benefits paid prior to its effective date of October 24, 2018. 77 P.S. § 511.3, Historical and Statutory Notes. This allows employers to seek IREs and pursue modification for workers like Claimant whose injuries occurred prior to Act 111 but who had not yet undergone an IRE because of *Protz I* and *Protz II*.

Here, the doctor who performed Claimant's IRE determined that Claimant's impairment rating was 20% compared to that of a whole and unimpaired person, below the 35% threshold for maintaining total disability status. WCJ Op. at 4. On January 6, 2020, Employer therefore filed a Modification Petition seeking to change Claimant's benefits status from total to partial as of the December 17, 2019, IRE date. *Id*. at 3.

In opposition, Claimant argued that the credit provisions of Act 111 violate article I, section 11 of the Pennsylvania Constitution, known as the Remedies

3

Clause.[5]  WCJ Decision at 4-5 (describing Claimant's position in the modification litigation).  Claimant argued that due to the unconstitutionality and striking of the previous IRE provisions, workers injured prior to Act 111's effective date of October 24, 2018, but who had not yet undergone an IRE, acquired a vested right to ongoing total disability status that would be violated by Act 111's retroactive credit provisions.  WCJ Decision at 4-5 (same).

The WCJ acknowledged and preserved Claimant's constitutional challenge, but noted that workers' compensation adjudicators lack jurisdictional authority to determine the constitutionality of the Act, which is their enabling legislation. WCJ Op. at 5. *See Ruszin v. Dep't of Lab. & Indus., Bureau of Workers' Comp.*, 675 A.2d 366, 370 (Pa. Cmwlth. 1996).  Therefore, the WCJ concluded that Employer had met its burden to modify Claimant's status from total to partial disability because his impairment rating of 20% fell below the minimum of 35% required by the new IRE provisions to avoid modification.  *Id*. at 5-6.  The WCJ therefore ordered Claimant's status modified to partial disability as of the December 17, 2019, IRE.  *Id*. at 7.

The Board affirmed.  Bd. Op., 4/13/21, at 6; C.R. #8.  The Board acknowledged that like the WCJ, it lacked jurisdiction to rule on Claimant's preserved constitutional challenge.  *Id*. at 2.  The Board, nonetheless, cited recent decisions holding that Act 111 had cured the delegation defect in the previous IRE provision and was therefore constitutional on its face.  *Id*. at 2-3 (citing, *inter alia*, *Pa. AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa. Cmwlth. 2019), *aff'd per curiam*

---

[5] "All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." Pa. Const. art. I, § 11.

4

(Pa., No. 88 MAP 2019, filed Aug. 18, 2020) (explaining that due to revised wording, Act 111 permissibly adopts existing standards and therefore does not improperly delegate authority)). The Board added that the credit provisions were clearly drafted by the General Assembly to apply to claimants with injuries prior to Act 111's effective date and to refuse to apply them to such cases would render them meaningless surplusage, contrary to the tenets of statutory interpretation. *Id*. at 4. As such, the Board concluded, Employer was not barred from seeking Claimant's IRE in December 2019 (rather than waiting until after October 24, 2020, when 104 weeks had elapsed from Act 111's effective date), and the WCJ did not err in modifying Claimant's disability status to partial based on his IRE resulting in a 20% impairment rating. *Id*. at 3-4. Claimant appeals to this Court.[6]

## II. Parties' Arguments

Claimant argues that Act 111's credit provisions are unconstitutional as applied to claimants injured prior to Act 111's effective date of October 24, 2018. Claimant's Br. at 17-29. He notes that when he sustained his work-related injury in October 2016, this Court had already deemed the previous IRE provisions unconstitutional in *Protz I* and that ruling was upheld and extended in *Protz II* when our Supreme Court struck the previous provisions in their entirety. *Id*. Because there was no means for an employer to seek an IRE at the time of Claimant's injury, he argues that the retroactive credit provisions of Act 111 cannot validly be applied

---

[6] "This Court's review in workers' compensation appeals is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Whitfield v. Workers' Comp. Appeal Bd. (Tenet Health Sys. Hahnemann LLC)*, 188 A.3d 599, 605 n.5 (Pa. Cmwlth. 2018).

5

to him and he should not have had to undergo an IRE until 104 weeks later on October 24, 2020.[7] *Id*.

Claimant asserts that he and other claimants whose injuries occurred before Act 111's effective date have a protected vested right, through the Remedies Clause of the Pennsylvania Constitution, to the full complement of benefits available at the time of their injuries. Because *Protz I* and *Protz II* declared the previous IRE provisions unconstitutional and struck them in their entirety, Claimant insists there was no longer any means by which employers could accrue weeks of disability payments towards the goal of using an IRE to modify these claimants' status from total to partial and thereby limit them to 500 weeks of benefits. Claimant's Br. at 24-27. Claimant posits that allowing employers to claim credit for total disability benefit weeks paid to him prior to Act 111's enactment dilutes his vested rights, lessens his benefit weeks, and effectively revives the previously unconstitutional IRE mechanism as it applies to him and others similarly situated. *Id*. at 28-29.[8]

---

[7] Claimant sustained his work-related injury on October 27, 2016. WCJ Op. at 3. Under the previous IRE provisions, he would have been subject to an IRE at Employer's option 104 weeks later, on or about October 27, 2018. At that time, Act 111 had been effective for three days. It is unclear why Employer waited until June 2019 to seek an IRE, but the IRE ultimately took place on December 17, 2019. *Id*. The import of Claimant's argument is that he should not have been subject to an IRE until October 24, 2020, or 104 weeks after Act 111 became effective. Claimant's Br. at 28-29. He therefore asserts he has been wrongfully deprived of approximately 40 weeks of total disability status. *See id*.

[8] Claimant also argues that Act 111 as a whole is invalid as the General Assembly's redrafting failed to cure the delegation defects in the previous IRE provisions. Claimant's Br. at 36-42. However, this Court found otherwise in *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa. Cmwlth. 2019), *aff'd per curiam* (Pa., No. 88 MAP 2019, filed Aug. 18, 2020) (due to revised wording, Act 111 permissibly adopts existing standards as legislature's own and therefore does not improperly delegate authority). Claimant has not addressed or even mentioned this case in his brief. In addition, he has not otherwise sufficiently developed his argument on this issue. The argument portion of a brief must be developed with pertinent discussion of the issues, including citations to relevant authority. Pa.R.A.P. 2119(a). If a party fails to satisfy this requirement, the Court is "neither obliged, nor even particularly equipped, to develop an argument

6

The Pennsylvania Association for Justice (PAJ) has submitted an *amicus curiae* brief on Claimant's behalf, which largely echoes Claimant's arguments. For purposes of this appeal, PAJ clarifies that after *Protz I* and *Protz II* declared the previous IRE provisions unconstitutional (and stricken in *Protz II*), but before Act 111 "matured" on October 24, 2020, such that IREs could legitimately resume because 104 weeks had passed since its effective date, the only way an employer could change a claimant's status from total to partial disability was through the means available to employers prior to 1996 when the IRE mechanism was introduced: to establish through litigation before a WCJ that a claimant's earning power had been at least partially restored. PAJ's Br. at 14-15 & 28.

Employer responds that this case is on all fours with *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company LLC)*, 252 A.3d 1169 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021), where this Court held that Act 111's credit provisions reflect a clear intention by the General Assembly that they are to be applied retroactively, and that doing so does not abrogate the vested rights of claimants whose injuries occurred before Act 111's effective date. Employer's Br. at 10 & 12. Employer explains that this is because the Act has always permitted a WCJ to modify benefits upon petition and proof by an employer that the claimant's disability has decreased and that an IRE resulting in an impairment rating below 35% is acceptable proof of a claimant's medical improvement such that modification from total to partial status is warranted. *Id*. at 13-14 (citing *Whitfield v. Workers' Comp. Appeal Bd. (Tenet Health Sys. Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018)). Therefore, according to

---

for [him]." *Skytop Meadow Cmty. Ass'n v. Paige*, 177 A.3d 377, 384 (Pa. Cmwlth. 2017). Such is the case here and, accordingly, we find this issue waived.

Employer, although IREs were not permitted when Claimant sustained his injury in October 2016, Claimant's ensuing total disability status was not frozen at that moment and did not amount to a vested right. *Id*. at 14. As such, the General Assembly was within its authority to pass the credit provisions of Act 111, which allowed Employer to count previously paid weeks of total disability it paid to Claimant from October 2016 through Claimant's December 2019 IRE. *Id*.

### III. Discussion

Claimant challenges the credit provisions of Act 111, which state:

(1) For the purposes of determining whether an employee shall submit to a medical examination to determine the degree of impairment and whether an employee has received total disability compensation for the period of 104 weeks under section 306(a.3)(1) of the act, *an insurer shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph*. This section shall not be construed to alter the requirements of section 306(a.3) of the act.

(2) For the purposes of determining the total number of weeks of partial disability compensation payable under section 306(a.3)(7) of the act, *an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph*.

Act 111, § 3(1), (2) (emphasis added). At issue in this appeal is Subsection 1, which allowed Employer to claim credit for the weeks it paid Claimant total disability benefits since his October 27, 2016, injury towards the 104 weeks before it could seek an IRE and pursue modification of his disability status from total to partial, which it did in June 2019. As noted, Claimant argues that because *Protz I* and *Protz II* negated the prior IRE provisions in their entirety, he acquired a vested right to

8

ongoing total disability status as of his October 2016 injury, and therefore Act 111's credit provisions cannot be applied retroactively to effectively reduce his weeks of total disability status prior to Act 111's effective date of October 24, 2018, and he should not have had to submit to an IRE until after October 24, 2020. Claimant's Br. at 29-32.

This Court has considered and rejected similar contentions in several recent cases. In *Pierson*, the claimant sustained a work-related injury in August 2014. 252 A.3d at 1171. Two years later, in August 2016, the employer could not seek an IRE in light of this Court having deemed the previous IRE provisions unconstitutional in *Protz I*, which at that time was on appeal to our Supreme Court. *See id*. The employer was therefore unable to seek an IRE until the passage of Act 111 in October 2018, but did so shortly thereafter in December 2018, relying on Act 111's credit provisions to include the four years of total disability weeks it had already paid the claimant since his 2014 injury. *See id*. The IRE returned an impairment rating of 3%. *Id*. at 1172. Like Claimant here, the claimant in *Pierson* raised constitutional arguments based on an assertion of vested rights in his post-*Protz* total disability status. *Id*. at 1179-80. The WCJ acknowledged those arguments but, having no jurisdiction to address them, granted the employer's modification petition based on the IRE; the Board, which also acknowledged the claimant's constitutional challenge, affirmed. *Id*. at 1172.

We affirmed, explaining:

[T]here are reasonable expectations under the Act that benefits may change. We acknowledge that a claimant retains a certain right to benefits until such time as he is found to be ineligible for them. However, claimants, such as the one in the matter before us, did not automatically lose anything by the enactment of Act 111. Act 111 simply provided employers with the means to change a

9

claimant's disability status from total to partial by providing the requisite medical evidence that the claimant has a whole body impairment of less than 35%, after receiving 104 weeks of [total disability] benefits.

*Id.* at 1179.

In *Pierson*, we also discussed *Rose Corporation*, which primarily addressed whether an IRE performed prior to the *Protz* cases but which met the Act 111 requirements of being conducted using the Sixth Edition of the American Medical Association Guides to the Evaluation of Permanent Impairment (AMA Guides) and returning an impairment rating below 35% could be applied under Act 111 to defeat the claimant's post-*Protz* petition to reinstate his total disability status. *Rose Corporation*, 238 A.3d at 553-56. We ultimately found in *Rose Corporation* that employers may not rely on pre-*Protz* IREs because Section 306(a.3) "does not evidence clear legislative intent that the entirety of Act 111 should be given retroactive effect." *Id.* at 562. Relevant to this appeal, Act 111's credit provisions were the only part of the Act that we found to show legislative intent to have retroactive effect:

> [I]t appears the General Assembly intended that employers and insurers that relied upon [the previous IRE provisions] to their detriment by not pursuing other methods of a modification[19] should not bear the entire burden of the provision being declared unconstitutional. Through the use of very careful and specific language, the General Assembly provided employers/insurers with credit for the weeks of compensation, whether total or partial in nature, previously paid.

*Id.* at 562 (note 19 states: "IREs are generally viewed as a more cost-efficient method of modifying a claimant's benefits compared to alternatives" such as litigation). While we did not allow revival of a pre-*Protz* IRE in *Rose Corporation*, we did

10

permit the employer to rely on Act 111's retroactive credit provisions to claim 104 previously paid weeks of total disability, therefore making a new IRE possible at once. *Id*. at 563. Thus, in *Pierson*, relying on *Rose Corporation*, we concluded that because Act 111 "simply provided employers with the means to change a claimant's disability status from total to partial," the claimant did not "automatically lose anything" and his vested rights were not violated or abrogated. 252 A.3d at 1179-80.

In *Hutchinson v. Annville Township (Workers' Compensation Appeal Board)*, 260 A.3d 360 (Pa. Cmwlth. 2021), the claimant sustained a work-related injury in 2006, underwent an IRE in 2009 under the Sixth Edition of the AMA Guides, and his benefits were modified to partial disability status. *Id*. at 361-62. After *Protz I*, the claimant sought reinstatement to total disability status, which was ultimately granted by the WCJ as of the claimant's March 2017 petition. *Id*. at 363. Concurrent with that litigation, the employer sought another IRE and modification to partial status in January 2019 after Act 111 became effective; the IRE returned an impairment rating of 3% and the WCJ ultimately granted that petition, resulting in the claimant's post-*Protz* reinstatement to total disability being limited to the period between March 2017 and January 2019. *Id*. The Board affirmed. *Id*. at 364. This Court found *Rose Corporation* and *Pierson* controlling as to the claimant's assertion of vested rights in his post-*Protz* total disability status; we therefore affirmed. *Id*. at 366-67.

Most recently, in *Dohn v. Beck N' Call (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 103 C.D. 2021, filed Sept. 20, 2021), 2021 WL

11

4258785 (unreported),[9] the claimant was injured on or about May 26, 2016, and underwent an IRE on February 8, 2019, which returned an impairment rating of 12%. Slip op. at 1-2, 2021 WL 4258785, at *1. The WCJ granted the employer's modification petition and the Board affirmed, both noting they did not have authority to review the claimant's preserved constitutional claims asserting vested rights in her post-*Protz* total disability status, which were identical to those Claimant raises here. Slip op. at 4, 2021 WL 4258785, at *1-2. Relying on *Pierson*, we affirmed. Slip op. at 4, 2021 WL 4258785, at *9-10 ("Act 111 did not change the status of [the c]laimant's workers' compensation benefits. It merely established a means, among others, for Employer to seek modification of [the c]laimant's benefits going forward.").

The import of *Rose Corporation*, *Pierson*, and *Dohn* is that even during the time when the previous IRE provisions had been invalidated by the *Protz* cases but before Act 111 became effective, employers were not devoid of a means to modify a claimant's benefit status. *See also Whitfield*, 188 A.3d at 612-13. Section 413(a) of the Act, which has been part of our workers' compensation legislation since its beginning over 100 years ago, has always provided employers (as well as claimants) with the general ability to seek a change in benefits at any time based on "proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased." 77 P.S. § 772. Section 306(b) of the Act, which also has roots in the early decades of workers' compensation law, specifically enables employers to modify a claimant's disability status from total to partial by showing that the claimant has regained some earning power. 77 P.S. §

---

[9] Unreported decisions of this Court issued after January 15, 2008, may be cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a).

512(2). Since the 1996 onset of more cost-efficient IREs, employers were less likely to challenge a claimant's status via litigation, but the option was always available. *Rose Corporation*, 238 A.3d at 562 n.10. Thus, while it is true that "a claimant retains a certain right to benefits until such time as he is found to be ineligible for them," claimants do not acquire a vested right in total disability status at any given time because that status has always been subject to potential litigation by employers. *See Pierson*, 252 A.3d at 1179; *Whitfield*, 188 A.3d at 612-13.[10]

Here, Claimant was injured after the *Protz* cases but before the effective date of Act 111 and, therefore, had not previously undergone an IRE. Employer relied on the credit provisions of Act 111 and, applying the previous 104 weeks of total disability benefits it had already paid to Claimant, required him to undergo an IRE in December 2019. We recognize Claimant's assertion that being placed in partial disability status based on an IRE predating October 24, 2020, deprives him of 40 weeks of total disability status and will shorten his potential overall benefit period. Nevertheless, pursuant to *Rose Corporation*, *Dohn*, *Pierson*, and *Hutchinson*, we conclude that Claimant attained no vested right in his post-*Protz* total disability status. *See also Hender-Moody v. Am. Heritage Fed. Credit Union (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 166 C.D. 2021, filed Feb. 15, 2022), 2022 WLL 457876 (unreported); *Stoshick v. Air Prods. & Chems., Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 27 C.D. 2021, filed Feb. 3, 2022), 2022 WL 320235 (unreported). We therefore reject Claimant's constitutional challenge to Act 111.

---

[10] Act 111, like the previous IRE provisions, specifically provides that a claimant placed in partial disability status based on an IRE may challenge the change in his or her status by either presenting a subsequent IRE reflecting a 35% or more impairment rating or establishing through litigation that his or her earning power has decreased. 77 P.S. § 511.3(3), (4).

## IV. Conclusion

Based on the foregoing discussion, we affirm the Board's order.


_____
CHRISTINE FIZZANO CANNON, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Sochko, Sr., : 
                Petitioner : 
                 : 
      v. : 
                 : 
National Express Transit Service : 
(Workers' Compensation Appeal : 
Board), :   No. 490 C.D. 2021
              Respondent : 

## O R D E R

AND NOW, this 16th day of March, 2022, the April 13, 2021, order of the Workers' Compensation Appeal Board is AFFIRMED.

_____

CHRISTINE FIZZANO CANNON, Judge